# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ENERGIZER BRANDS II LLC, | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| vs. | ) | |
| SERIOUS SCENTS, INC., and IBRAHIM NASSER, | ) | Civil Action No. _____ |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Energizer Brands II LLC ("Energizer Brands II") states the following for its Complaint against Defendants Serious Scents, Inc. and Ibrahim Nasser (collectively, "Defendants"):

## NATURE OF THE ACTION

1.     This is a civil action seeking declaratory, injunctive, and monetary relief, including attorneys' fees, costs, and expenses, against Defendants for baselessly alleging that Energizer Brands II is infringing Defendants' purported copyright and trademark rights in connection with their air fragrance products.  Since filing a cancellation action with the Trademark Trial and Appeal Board (the "Board") against one of Energizer Brands II's trademark registrations on January 5, 2017, Defendants have sent multiple letters concerning various trademarks owned by Energizer Brands II.  In correspondence, Defendant Nasser has indicated Defendants' disregard for the application of controlling legal concepts, such as priority of trademark use ("I was issued a trademark in compliance with the law. It does not matter if it was senior or junior."), and has indicated a belief that regardless of the applicable law, Defendants

1

are entitled to "a large amount of money."  Defendants' apparent persistence in pursuing

unfounded infringement claims against Energizer Brands II necessitated this action.

2.      Following a series of transactions occurring between July 14, 2016 and July 18,

2016, Energizer Brands II owns numerous trademarks for automobile cleaning and air fragrance

products, including trademarks used with the CALIFORNIA SCENTS and DRIVEN BY

REFRESH YOUR CAR product lines:



3.      Prior to the transactions in July 2016, the trademarks incorporating

CALIFORNIA SCENTS, including but not limited to the CALIFORNIA SCENTS mark and

CALIFORNIA SCENTS PROFESSIONAL mark (the "CALIFORNIA SCENTS Marks") were

owned by California Scents, LLC ("California Scents") and the DRIVEN BY REFRESH YOUR

CAR marks were owned by American Covers, Inc.  On July 14, 2016, American Covers, Inc.

was converted into American Covers, LLC.  On July 18, 2016, California Scents transferred its

marks to American Covers, LLC.  Later on July 18, 2016, American Covers, LLC transferred its

marks to Energizer Brands II Holding LLC, which later transferred its marks to Energizer Brands

II.  Accordingly, although United States Patent and Trademark Office records do not yet reflect

the ownership status of the registrations at issue in this case, Energizer Brands II is the owner of

2

the relevant marks.

4.      Prior to the transaction with Energizer Brands II, California Scents, either itself or through its predecessors-in-interest, used the CALIFORNIA SCENTS mark since November 1992, and the CALIFORNIA SCENTS PROFESSIONAL mark since September 2008. Energizer Brands II has continued such use.  Prior to the transaction with Energizer Brands II, American Covers, Inc., either itself or through its predecessors-in-interest, used the DRIVEN BY REFRESH YOUR CAR mark since February 1, 2011. Energizer Brands II has continued such use.  Since July 28, 2012, Energizer Brands II, American Covers, Inc., or their predecessors-in-interest, have sold a grenade-shaped scent-infused paper air freshener under the DRIVEN BY REFRESH YOUR CAR brand:



5.      In connection with its air freshener products, Energizer Brands II currently owns numerous federally-registered trademarks, including Principal Register registrations for CALIFORNIA SCENTS (Reg. No. 1,940,353), CALIFORNIA SCENTS PROFESSIONAL (Reg. No. 3,599,885) (exclusive rights in "Professional" disclaimed), DRIVEN (Reg. No. 3,941,926) and DRIVEN BY REFRESH YOUR CAR (Reg. No. 4,147,088), in addition to a Supplemental Registration (Supp. Reg. No. 4,890,647) for the design mark depicted below (the

"DRIVEN Grenade Design"):



6.      Notwithstanding that Energizer Brands II and its predecessors-in-interest have

long used the CALIFORNIA SCENTS Marks and DRIVEN Grenade Design, Defendants

recently began asserting unfounded trademark and copyright infringement claims concerning the

CALIFORNIA SCENTS Marks and the DRIVEN Grenade Design.

7.      After threatening action over the DRIVEN Grenade Design in 2013, but

ultimately failing to take any action for several years, on January 5, 2017, Serious Scents, Inc.

initiated a cancellation action in the Board against the Supplemental Registration for the

DRIVEN Grenade Design, asserting a likelihood of confusion with its grenade-shaped air

fresheners.  A true and correct copy of the Petition for Cancellation filed by Defendants is

attached as **Exhibit 1**. Defendants have also written letters alleging trademark infringement.

True and correct copies of letters from Defendants dated January 18, 2017, February 13, 2017

(two letters), and February 16, 2017 are attached collectively as **Exhibit 2**.  A true and correct

copy of a February 13, 2017, letter from counsel for Energizer Brands II to Defendants is

attached as **Exhibit 3**.

8.      Defendants' grenade-shaped air fresheners are sold in packaging bearing

Defendants' SERIOUS SCENTS mark and prominently featuring Defendants' LITTLE

GRENADE trademark (the "LITTLE GRENADE Designs").  Examples of Defendants' products

are shown below, alongside the relevant Energizer Brands II product:

**Defendants' Products**                    **Energizer Brands II's Product**




9.      Notwithstanding clear differences in the product packaging sufficient to dispel

potential confusion—including the prominent display of each party's word marks—Defendants

continue to send letters taking aggressive positions concerning alleged infringement by Energizer

Brands II's use of the DRIVEN Grenade Design.  Defendants' correspondence indicates an

intent to pursue claims that go beyond the subject matter of the cancellation proceeding before

the Board.  For example, a February 16, 2017, letter states that Defendant Nasser believes he

"can clearly prove beyond any doubt [Energizer Brands II] actually did infringe upon my

trademark" and that "[t]he question now becomes exactly how much money in sales did your

client make while infringing upon my trademark."  See Exhibit 2. Defendants also have

threatened to assert claims of trademark infringement against Energizer Brands II's

CALIFORNIA SCENTS Marks based on Defendants' SERIOUS SCENTS trademark. As

counsel for Energizer Brands II has explained to Defendants, Energizer Brands II, either itself or

5

through its predecessors-in-interest, has used the CALIFORNIA SCENTS mark since November

1992 and has priority over Defendants' SERIOUS SCENTS mark, for which Defendants claim

first use dates of September 19, 2001 (as a standard character mark), and June 30, 2009 and

November 4, 2012 (as two versions of a word and design mark).  Examples of the parties'

respective uses of the marks are shown below:

**<u>Defendants' Product</u>**     **<u>Energizer Brands II's Products</u>**

  10.  To the extent confusion is likely between the parties' marks, Energizer Brands

II—as the party with priority of rights—is entitled to injunctive and monetary relief against

Defendants.  Despite Energizer Brands II's efforts to explain this to Defendants, Defendants

have maintained their position.  For example, in response to Energizer Brands II's explanations,

Defendant Nasser indicated in a February 16, 2017 letter that, contrary to relevant law, "I was

issued a trademark in compliance with the law.  It does not matter if it was senior or junior."  See

Exhibit 2.

  11.  In light of Defendants' repeated, aggressive, and unfounded threats, Energizer

6

Brands II: (a) seeks a declaratory judgment that Energizer Brands II has not infringed any copyright or trademark rights Defendants claim to own; (b) requests an injunction prohibiting Defendants from threatening to file suit, or from filing suit against Energizer Brands II in connection with their trademark or copyright claims; and (c) seeks injunctive and monetary relief based on Defendants' infringement of Energizer Brands II's CALIFORNIA SCENTS mark.

## PARTIES

12.     Plaintiff Energizer Brands II LLC is a Delaware corporation with a principal place of business in St. Louis, Missouri.

13.     On information and belief, Defendant Serious Scents, Inc. is a California corporation with its principal place of business in Chula Vista, California.

14.     On information and belief, Defendant Nasser is an individual residing in Chula Vista, California.   On further information and belief, Defendant Nasser is the President of Serious Scents, Inc.

## JURISDICTION AND VENUE

15.     This action for declaratory relief arises under the Declaratory Judgment Act (28 U.S.C. §§  2201 and 2202), United States trademark laws (15 U.S.C. §§ 1051 *et seq.*), and related state law.

16.     The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 1338(a), § 1338(b) and 15 U.S.C. § 1121.

17.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact business in this State, derive revenue from this State, and have otherwise established contacts within this State making the exercise of personal jurisdiction

proper. Defendants own and operate a website at www.littlegrenade.com ("Defendants' Website"), which is an interactive, e-commerce website offering for sale Defendants' products under the SERIOUS SCENTS and LITTLE GRENADE Designs trademarks. Defendants' Website is accessible by Internet users in this District and throughout the State of Missouri. Further, Defendants assert that their LITTLE GRENADE Designs products have "long and extensive sales across the United States" and that the LITTLE GRENADE Designs products are "famous throughout the United States." Exhibit 1, ¶¶ 4, 7. Defendants also assert that their use of the SERIOUS SCENTS mark is "long and well-established" without indicating any geographic limitation. Exhibit 2 (January 18, 2017 Letter, p. 2). Based on the offer for sale of Defendants' products in this District and Defendants' assertions of nationwide consumer recognition, Energizer is being harmed and damaged in Missouri and in this District by Defendants' conduct.

18.    This Court has declaratory-judgment jurisdiction because, as described below, Defendants' repeated threats and demands that Energizer cease use of its trademarks show that there is a concrete and substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

20.    This Court has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. Energizer's CALIFORNIA SCENTS, CALIFORNIA SCENTS PROFESSIONAL, DRIVEN BY REFRESH YOUR CAR, and DRIVEN Grenade Design Trademarks**

21.     Energizer Brands II now owns and operates a line of business, previously owned and operated by American Covers, Inc. and California Scents, that offers an array of automobile accessories, including cleaning and conditioning products, air fresheners, and antibacterial wipes. Among the relevant product offerings are air fragrance products sold under the DRIVEN BY REFRESH YOUR CAR, CALIFORNIA SCENTS, and CALIFORNIA SCENTS PROFESSIONAL brands.

22.     In July 2016, Energizer Brands II acquired trademarks for the CALIFORNIA SCENTS, CALIFORNIA SCENTS PROFESSIONAL, DRIVEN, and DRIVEN BY REFRESH YOUR CAR brands.  Following the transfer of rights, Energizer Brands II is the owner of the following trademark registrations, among others:

| **Trademark** | **Reg. No.** | **Reg. Date** | **Goods/Services (First Use in Commerce)** |
|---|---|---|---|
| CALIFORNIA SCENTS | Reg. No. 1,940,353 | December 12, 1995 | Air freshener (November 1992) |
| CALIFORNIA SCENTS PROFESSIONAL | Reg. No. 3,599,885 | March 31, 2009 | Air deodorizer; Air freshener sprays; Air fresheners and air freshening preparations; Refills for air fresheners. (September 9, 2008) |
| DRIVEN | Reg. No. 3,941,926 | April 5, 2011 | Air fresheners (November 2, 2010) |
| DRIVEN BY REFRESH YOUR CAR | Reg. No. 4,147,088 | May 22, 2012 | Air fresheners (February 1, 2011) |

| **Trademark** | **Reg. No.** | **Reg. Date** | **Goods/Services (First Use in Commerce)** |
|---|---|---|---|
|  | Supp. Reg. No. 4,890,647 | January 19, 2016 | Air fresheners for air fragrancing purposes (July 28, 2012) |

23.     Since at least November 1992, Energizer Brands II, California Scents, or their predecessors-in-interest, have used the CALIFORNIA SCENTS mark in connection with air fragrance products. The packaging of CALIFORNIA SCENTS products features the CALIFORNIA SCENTS mark, one form of which, is depicted below:

24.     In 1995, California Scents registered the CALIFORNIA SCENTS mark, through its predecessor-in-interest, with the United States Patent and Trademark Office ("USPTO"). A true and correct copy of U.S. Registration No. 1,940,353 for the CALIFORNIA SCENTS word mark in standard character format, currently owned by Energizer Brands II, is attached as **Exhibit 4.**  The CALIFORNIA SCENTS registration has become incontestable and therefore is conclusive evidence of Energizer Brands II's rights to the mark under Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

25.     Since at least September 9, 2008, Energizer Brands II, California Scents, or their predecessors-in-interest, have used the CALIFORNIA SCENTS PROFESSIONAL mark in

connection with air fragrance products. The packaging of CALIFORNIA SCENTS PROFESSIONAL products features the CALIFORNIA SCENTS PROFESSIONAL mark, one form of which, is depicted below:



26.    In 2009, California Scents registered the CALIFORNIA SCENTS PROFESSIONAL mark, through its predecessor-in-interest, with the United States Patent and Trademark Office ("USPTO"). A true and correct copy of U.S. Registration No. 3,599,885 for the CALIFORNIA SCENTS PROFESSIONAL word mark in standard character format, currently owned by Energizer Brands II, is attached as **Exhibit 5.**  The CALIFORNIA SCENTS PROFESSIONAL registration has become incontestable and therefore is conclusive evidence of Energizer Brands II's rights to the mark under Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

27.    Energizer Brands II and its predecessors-in-interest have enjoyed great success and substantial sales with the CALIFORNIA SCENTS and CALIFORNIA SCENTS PROFESSIONAL products.

28.    Energizer Brands II and its predecessors-in-interest have expended substantial resources promoting and protecting the CALIFORNIA SCENTS Marks as trademarks that symbolize the quality and goodwill of their air fragrance products.

29.     The DRIVEN BY REFRESH YOUR CAR brand of automobile accessory products has been offered since at least February 2011.  Since at least July 2012, as part of the DRIVEN BY REFRESH YOUR CAR product line, American Covers, Inc., Energizer Brands II, or their predecessors-in-interest have used the DRIVEN Grenade Design in connection with a grenade-shaped scent-infused paper air freshener, as depicted below:



30.     On January 15, 2013, American Covers, Inc. applied to register the DRIVEN Grenade Design, and the mark was registered on the Supplemental Register on January 19, 2016. A true and correct copy of U.S. Registration No. 4,890,647, currently owned by Energizer Brands II, is attached as **Exhibit 6.**

31.     The purchasers of DRIVEN BY REFRESH YOUR CAR products are distributors and retailers.

32.     Energizer Brands II and its predecessors-in-interest have consistently used the DRIVEN Grenade Design in close proximity to DRIVEN BY REFRESH YOUR CAR, thus ensuring that consumers identify the DRIVEN Grenade Design with the DRIVEN BY REFRESH YOUR CAR product line currently offered by Energizer Brands II.

**B.  Defendants, the SERIOUS SCENTS Mark, and LITTLE GRENADE Designs.**

33.     Defendant Serious Scents, Inc. is a California corporation that manufactures air freshener products. A true and correct copy of a California Secretary of State print-out showing the company's Active status is attached as **Exhibit 7**.

34.     Defendant Ibrahim Nasser is an individual residing in California, and the President of Serious Scents, Inc. A true and correct copy of a California Secretary of State print-out identifying Mr. Nasser as the President of Serious Scents, Inc. is attached as **Exhibit 8**.

35.     Defendants' trademark filings indicate that they began using the SERIOUS SCENTS mark on or about February 28, 2002, and two versions of a SERIOUS SCENTS & Design mark at least as early as June 30, 2009, and November 10, 2012, as summarized below:

| **Trademark** | **Reg. No.** | **Reg. Date** | **Listed First Use Date** | **Goods/Services** |
|---|---|---|---|---|
| SERIOUS SCENTS | Reg. No. 3,128,554 | 8/15/2006 | On or about 2/28/2002 | Air fresheners for vehicles |
|  | Reg. No. 3,755,314 | 3/2/2010 | 06/30/2009 | Air fresheners |
|  | Reg. No. 4,789,267 | 8/11/2015 | At least as early as 11/10/2012 | Air fragrancing preparations air deodorizer; air deodorizing preparations. |

36.     Defendant Serious Scents, Inc. filed the trademark application that ultimately became Registration No. 4,789,267, and Defendant Nasser filed the trademark applications for Reg. No. 3,755,314 and 3,128,554. Assignments recorded with the USPTO show that each of the registrations shown above have been owned by both Defendant Nasser and Defendant Serious

Scents, Inc. at various points in time.  As of the filing of this Complaint, Defendant Nasser is shown as the owner of Registration Nos. 3,128,554 and 4,789,267, and Defendant Serious Scents, Inc. is shown as the owner of Registration No. 3,755,314.  True and correct copies of USPTO Trademark Status & Document Retrieval Records for Registration Nos. 3,128,554, 3,755,314, and 4,789,267 are attached collectively as **Exhibit 9**.

37.     On information and belief, Defendants' use of the SERIOUS SCENTS mark therefore post-dates the use and registration of the CALIFORNIA SCENTS mark by Energizer Brands II and its predecessors-in-interest, which began at least as early as November 1992. Accordingly, to the extent infringement is occurring based on concurrent use of the parties' marks, it is Defendants who are the junior user, and are therefore infringing.

38.     Because of the consistent use of the CALIFORNIA SCENTS Marks with air fragrance products by Energizer Brands II, California Scents, and their predecessors-in-interest, Defendants knew or should have known about use of the CALIFORNIA SCENTS Marks well prior to Defendants' first objection on January 18, 2017.

39.     Defendants' delay in objecting to use of the CALIFORNIA SCENTS Marks by Energizer Brands II and its predecessors-in-interest was and has been unreasonable.  Energizer Brands II has suffered and will suffer evidentiary and expectation prejudice if it were required to defend its use of or cease its use of the CALIFORNIA SCENTS Marks at this late date.

40.     In 2008, Defendant Nasser obtained Reg. No. 3,508,401, which he later assigned to Serious Scents, Inc., for a grenade-shaped design.  The registration, for the design depicted below, was cancelled in 2015:



41.     Starting in 2012, Defendants began again attempting to seek registration with the

USPTO for grenade-shaped designs, including in the three applications summarized below:

| **Trademark** | **Ser. No.** | **Filing Date** | **Listed First Use Date** | **Goods/ Services** | **Status** |
|---|---|---|---|---|---|
| | 85/641,084 | 6/1/2012 | 10/31/1993 | Air fragrancing preparations; air deodorizing preparations | Pending |
| | 86/328,012 | 7/3/2014 | 10/31/1993 | Air fragrancing preparations; air deodorizer; air deodorizing preparations | Pending |
| | 86/165,479 | 1/14/2014 | 1/14/2014 | Air fragrancing preparation; air purifying preparations | Pending |

True and correct copies of USPTO Trademark Status & Document Retrieval Records for Ser.

Nos. 85/641,084, 86/328,012, and 86/165,479 are attached collectively as **Exhibit 10**.

42.     Defendant Nasser filed Application No. 85/641,084, and has since assigned it to

Defendant Serious Scents, Inc. Defendant Serious Scents, Inc. filed Application Nos. 86/328,012

and 86/165,479, and has since assigned them to Defendant Nasser.

43.     None of the applications have matured to registration, and Application Nos.

86/328,012 and 86/165,479 have been rejected by the USPTO based on a likelihood of confusion with the prior-filed application to register the DRIVEN Grenade Design owned by Energizer Brands II.

44.     Defendants consistently use the SERIOUS SCENTS and LITTLE GRENADE trademarks in connection with their grenade-shaped designs.  On information and belief, during the parties' coexistence, there has not been a single instance of consumer confusion resulting from the DRIVEN Grenade Design and Defendants' use of the LITTLE GRENADE Designs on their respective goods.

45.     Energizer Brands II is not aware of any consumer or customer who mistakenly believed that Energizer Brands II's products sold under the DRIVEN Grenade Design were put out by or with the authorization, sponsorship, or approval of Defendants.

46.     As illustrated by the images below, Energizer Brands II's DRIVEN Grenade Design as displayed on product packaging is drastically different from the manner in which Defendants use the LITTLE GRENADE Designs:

**<u>Defendants' Products</u>**                    **<u>Energizer Brands II's Product</u>**

     

47.     Because of the widespread use of the DRIVEN Grenade Design in connection with air fragrance products sold to distributors and retailers since 2012, Defendants knew or should have known of the DRIVEN Grenade Design mark well prior to their recent objection to counsel for Energizer Brands II starting on January 5, 2017. Indeed, as discussed below, Defendants clearly knew of the DRIVEN Grenade Design as Defendants previously threatened action against American Covers, Inc. in 2013, but took no further action to pursue their claims until this year.

48.     Defendants' delay in objecting to use of the DRIVEN Grenade Design was and has been unreasonable. Energizer Brands II has suffered and will suffer evidentiary and expectation prejudice if it were required to defend its use of or cease its use of the DRIVEN Grenade Design at this late date.

49.     The lack of any actual confusion between Energizer Brands II's DRIVEN Grenade Design and Defendants' LITTLE GRENADE Designs, despite coexistence, makes future confusion unlikely. Confusion also is unlikely because, among other things, Defendants' purported marks are extraordinarily weak and there are significant differences in the parties' marks, packaging, house marks, and customers, among other things.

**C. Defendants' Threats Concerning the CALIFORNIA SCENTS Marks, DRIVEN Grenade Design, and DRIVEN BY REFRESH YOUR CAR Mark**

50.     In September 2013, Defendant Nasser sent a cease-and-desist letter, on Serious Scents, Inc. letterhead, to American Covers, Inc., alleging that the DRIVEN Grenade Design infringed Defendants' copyrights and trademark rights.  Following the exchange of ensuing correspondence, American Covers, Inc. filed a declaratory-judgment action in United States District Court for the District of Utah styled *American Covers, Inc. v. Serious Scents, Inc.*, No.

2:13-cv-01032.  That action was ultimately dismissed, and yet Defendants did not pursue any

claims against American Covers, Inc.

51.     After that action was dismissed in 2014, Defendants did not contact Energizer

Brands II or its predecessors-in-interest again for more than two years. During that time,

Energizer Brands II and its predecessors reasonably understood that Defendants had withdrawn

their objections to, and had consented to, their use of the DRIVEN Grenade Design.

52.     More than two years later—and following the acquisition of American Covers,

Inc. and California Scents by Energizer Brands II—in January 2017, Defendants began

reasserting claims against the DRIVEN Grenade Design, and asserting claims for the first time

against the CALIFORNIA SCENTS mark, another mark newly-acquired by Energizer Brands II.

53.      On January 5, 2017, Defendant Serious Scents, Inc. filed a Petition for

Cancellation with the Trademark Trial and Appeal Board under Defendant Nasser's signature

seeking cancellation of the registration for the DRIVEN Grenade Design.  See Exhibit 1.

54.     Less than two weeks later, on January 18, 2017, Defendants sent a letter to

counsel for Energizer Brands II demanding cessation of all use of the CALIFORNIA SCENTS

trademark and the surrender of the December 12, 1995, registration for the CALIFORNIA

SCENTS mark. See Exhibit 2.

55.     On January 27, 2017, counsel for Energizer Brands II responded to Defendants'

letter to let them know a substantive response would be forthcoming, and then further responded

on February 13, 2017.  See Exhibit 3.  Notwithstanding Energizer Brands II's indications that it

has not infringed any of Defendants' trademarks, and that with regard to the SERIOUS SCENTS

mark, it is Energizer Brands II that has priority in the CALIFORNIA SCENTS Marks,

Defendants have persisted in their letter-writing campaign.  That same day, Defendants sent two separate letters to counsel for Energizer Brands II, one concerning the CALIFORNIA SCENTS PROFESSIONAL mark and the other purporting to concern the DRIVEN BY REFRESH YOUR CAR mark.[1]  See *id.* Then, on February 16, 2017, Defendants sent yet another letter.  *Id.*

56.     Defendants' correspondence indicates an intent to pursue claims against Energizer Brands II or its predecessors that go beyond the subject matter of the cancellation proceeding before the Board.  For example, the February 16, 2017, letter states that Defendant Nasser believes he "can clearly prove beyond any doubt [Energizer Brands II] actually did infringe upon my trademark" and that "[t]he question now becomes exactly how much money in sales did your client make while infringing upon my trademark."  See Exhibit 2.

57.     Since filing their cancellation action, Defendants have repeatedly alleged that Energizer Brands II's marks infringe Defendants' trademark rights and have demanded a cessation of use of those marks, creating a real and immediate controversy over Energizer Brands II's ongoing use and registration of its CALIFORNIA SCENTS Marks and DRIVEN Grenade Design.

58.     A concrete and substantial controversy exists between Energizer Brands II and Defendants as to whether Defendants own any protectable rights in the SERIOUS SCENTS mark and LITTLE GRENADE Designs and, if so, whether Energizer Brands II's use of its CALIFORNIA SCENTS Marks and DRIVEN Grenade Design infringed such rights. The parties' legal interests are adverse to one another on these issues.

---

[1] Energizer Brands II is unsure what trademark(s), if any, Defendants assert are infringed by the DRIVEN BY REFRESH YOUR CAR mark, but Energizer Brands II reserves the right to seek relief as to any such claims if Defendants assert claims requiring a defense.

**FIRST CAUSE OF ACTION**
**(Declaration Of No Trademark or Trade Dress Infringement,**
**Unfair Competition, or Trademark Dilution By Energizer Brands II**
**Relating to Defendants' LITTLE GRENADES Designs)**

59.     Energizer Brands II repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

60.     An actual and justiciable controversy exists between Energizer Brands II and Defendants with respect to Energizer Brands II's use and registration of its DRIVEN Grenade Design.

61.     Defendants have alleged that they own protectable trademark and/or trade dress rights in the LITTLE GRENADES Designs and that such designs are famous.

62.     Energizer Brands II denies that it has infringed, diluted, competed unfairly, or in any way violated (or that it is currently infringing, diluting, competing unfairly, or in any way violating) any of Defendants' purported rights in the LITTLE GRENADES Designs.

63.     No likelihood of confusion or dilution exists or ever existed with respect to Defendants' LITTLE GRENADES Designs and Energizer Brands II's DRIVEN Grenade Design.

64.     Energizer Brands II is not aware—and, on information and belief, Defendants are not aware—of any actual confusion that has resulted from use of Energizer Brands II's DRIVEN Grenade Design.

65.     Additionally, any claim by Defendants regarding use and ownership of the DRIVEN Grenade Design is barred by the equitable doctrine of laches because Defendants knew of the mark's use by Energizer Brands II and its predecessors-in-interest; Defendants' delay in taking action regarding use and ownership of the mark is inexcusable and unreasonable; and

20

Energizer Brands II would be unduly prejudiced if Defendants are allowed to limit Energizer

Brands II's use of the mark.

66.     An actual, immediate, and justiciable controversy between the parties exists over

whether Defendants have priority of rights as between the DRIVEN Grenade Design and the

LITTLE GRENADES Designs, and whether Energizer Brands II is infringing, diluting,

competing unfairly, or otherwise violating Defendants' rights.

67.     Energizer Brands II has been and will continue to be damaged by the persistent

uncertainties created by Defendants with respect to Energizer Brands II's legitimate use of its

DRIVEN Grenade Design.

68.     Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§§

2201 *et seq.*, Energizer Brands II requests that this Court declare that Energizer Brands II's use

of its DRIVEN Grenade Design has not infringed, diluted, or competed unfairly with, any rights

owned by Defendants under Federal or State law.

**SECOND CAUSE OF ACTION**
**(Declaration Of No Trademark Infringement, Unfair Competition, or Trademark Dilution**
**By Energizer Brands II Relating to Defendants' SERIOUS SCENTS Mark)**

69.     Energizer Brands II repeats and incorporates by reference the allegations in the

preceding paragraphs of this Complaint.

70.     An actual and justiciable controversy exists between Energizer Brands II and

Defendants with respect to Energizer Brands II's use and registration of its CALIFORNIA

SCENTS Marks.

71.     Defendants have alleged that they own protectable rights in the SERIOUS

SCENTS trademark.

21

72. Energizer Brands II denies that it has infringed, diluted, competed unfairly, or in any way violated (or that it is currently infringing, diluting, competing unfairly, or in any way violating) any of Defendants' purported rights in the SERIOUS SCENTS trademark.

73. Additionally, any claim by Defendants regarding the use and ownership of the CALIFORNIA SCENTS Marks is barred by the equitable doctrine of laches because Defendants knew of the marks' use by Energizer Brands II and its predecessors-in-interest; Defendants' delay in taking action regarding use and ownership of the marks is inexcusable and unreasonable; and Energizer Brands II would be unduly prejudiced if Defendants are allowed to limit Energizer Brands II's use of the marks.

74. An actual, immediate, and justiciable controversy between the parties exists over whether Defendants have priority of rights as between the CALIFORNIA SCENTS Marks and the SERIOUS SCENTS marks or whether Energizer Brands II has priority of rights, and whether the junior user is infringing or otherwise violating the senior user's rights.

75. Energizer Brands II has been and will continue to be damaged by the persistent uncertainties created by Defendants with respect to Energizer Brands II's legitimate use of its CALIFORNIA SCENTS Marks.

76. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 *et seq.*, Energizer Brands II requests that this Court declare that Energizer Brands II's use of its CALIFORNIA SCENTS Marks has not infringed, diluted, or competed unfairly with, any rights owned by Defendants under Federal or State law.

**THIRD CAUSE OF ACTION**
**(Declaration Of No Copyright Infringement By Energizer Brands II**
**Of Defendants' LITTLE GRENADE Designs)**

77.     Energizer Brands II repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

78.     Defendants have alleged that they own a valid, enforceable copyright for one of the LITTLE GRENADE Designs.

79.     Energizer Brands II denies that its DRIVEN Grenade Design is substantially similar to the LITTLE GRENADE Designs.

80.     Energizer Brands II denies any allegation that it copied any protectable elements of the LITTLE GRENADE Designs.

81.     Energizer Brands II denies that it has infringed or is infringing the LITTLE GRENADE Designs.

82.     Additionally, any claim by Defendants regarding Energizer Brands II's use and ownership of the DRIVEN Grenade Design is barred by the equitable doctrine of laches because Defendants knew of the mark's use; Defendants' delay in taking action regarding use and ownership of the mark is inexcusable and unreasonable; and Energizer Brands II would be unduly prejudiced if Defendants are allowed to limit Energizer Brands II's use of the mark.

83.     An actual, immediate, and justiciable controversy between the parties exists over whether Energizer Brands II is infringing or otherwise violating any copyrights Defendants might have in the LITTLE GRENADE Designs.

84.     Energizer Brands II has been and will continue to be damaged by the persistent uncertainty created by Defendants' unsubstantiated claims with respect to Energizer Brands II's

23

legitimate use of its DRIVEN Grenade Design.

85.     Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§§

2201 *et seq.*, Energizer Brands II requests that this Court declare that Energizer Brands II's use

of its DRIVEN Grenade Design has not infringed Defendants' purported copyright or any rights

purportedly owned by Defendants.

### FOURTH CAUSE OF ACTION
#### (Federal Trademark Infringement Under 15 U.S.C. § 1114
#### Based on Defendants' SERIOUS SCENTS Mark)

86.     Energizer Brands II repeats and incorporates by reference the allegations in the

preceding paragraphs of this Complaint.

87.     Defendants have admitted that concurrent use in the marketplace of the SERIOUS

SCENTS trademark and the CALIFORNIA SCENTS mark is causing and likely to continue to

cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source,

origin or sponsorship of Defendants' products, and that the trade and consuming public believe

and are likely to believe that products bearing the respective marks originate from the same

source of origin, and/or that there is some affiliation, connection, or association between the

makers of Energizer Brands II's products, on the one hand, and Defendants, on the other, when

such is not the case.  Energizer Brands II's rights in the CALIFORNIA SCENTS mark are senior

to any rights Defendants can assert in the SERIOUS SCENTS mark.

88.     Defendants have infringed, and are infringing, the federally registered

CALIFORNIA SCENTS mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §

1114(1).

89.     As a direct and proximate result of Defendants' unlawful conduct, Energizer

Brands II has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

90.     Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Energizer Brands II, and Energizer Brands II is entitled to injunctive relief and to recover Energizer Brands II's actual damages and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

### FIFTH CAUSE OF ACTION
**(Federal Unfair Competition, False Representation, and False Designation of Origin under 15 U.S.C. § 1125(a) Based on Defendants' SERIOUS SCENTS Mark)**

91.     Energizer Brands II repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

92.     Defendants' unauthorized use in commerce of the SERIOUS SCENTS mark in the United States is causing and likely to continue to cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendants' products.  Such conduct therefore constitutes unfair competition, false representation, and a false designation of origin, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

93.     As a direct and proximate result of Defendants' unlawful conduct, Energizer Brands II has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

94.     Defendants' conduct is causing, and is likely to continue to cause, injury to the

public and to Energizer Brands II, and Energizer Brands II is entitled to injunctive relief and to recover Energizer Brands II's actual damages and/or an award of Defendants' profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

<u>SIXTH CAUSE OF ACTION</u>
**(Trademark Infringement and Unfair Competition under Missouri Common Law Based on Defendants' SERIOUS SCENTS Mark)**

95.     Energizer Brands II repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

96.     Energizer Brands II owns all rights, title and interests in and to the CALIFORNIA SCENTS mark, including all common-law rights in the mark.

97.     Defendants' conduct is causing and likely to continue to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Defendants' products originate from, or are affiliated with, sponsored by, or endorsed by Energizer Brands II.

98.     Defendants' conduct constitutes trademark infringement and unfair competition, in violation of Missouri common law.

99.     As a direct and proximate result of Defendants' unlawful conduct, Energizer Brands II has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

100.     Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Energizer Brands II, and Energizer Brands II is entitled to injunctive relief and to recover Energizer Brands II's actual damages and/or an award of Defendants' profits, costs, and

26

reasonable attorneys' fees.

101.    Defendants' wrongful conduct was willful and deliberate or recklessly indifferent to the rights of Energizer Brands II, warranting the assessment of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Energizer Brands II prays the Court enter judgment in its favor and award Energizer Brands II relief as follows:

1.      An order declaring that Energizer Brands II's use of its CALIFORNIA SCENTS Marks and DRIVEN Grenade Design does not infringe or dilute any purported copyrights, trademarks, or trade dress rights held by Defendants, and that Defendants are without right or authority to object to Energizer Brands II's use or registration of its CALIFORNIA SCENTS Marks and DRIVEN Grenade Design on the basis of alleged trademark, trade dress, or copyright infringement, unfair competition, trademark dilution, or deceptive trade practices under federal or state law.

2.      A permanent injunction enjoining and restraining Defendants, and their agents, distributors, employees, and all persons in active concert or participation with Defendants from interfering in any manner with Energizer Brands II's use or registration of its CALIFORNIA SCENTS Marks or its DRIVEN Grenade Design in relation to Energizer Brands II's products;

3.      A permanent injunction enjoining and restraining Defendants, and their agents, distributors, employees, and all other persons in active concert or participation with Defendants, from any and all further unauthorized use in the United States of the SERIOUS SCENTS mark, and any other colorable imitation of the CALIFORNIA SCENTS mark as trademarks, trade names, or other attention-getting device or triggering mechanism, including the recall and

destruction of all packaging, advertising, and promotional materials bearing the SERIOUS

SCENTS mark or any other colorable imitation of the CALIFORNIA SCENTS mark;

4.      An award to Energizer Brands II of all damages caused by the acts forming the

basis of this Complaint.

5.      An award to Energizer Brands II of all amounts, including profits, received by

Defendants as a direct and proximate result of Defendants' unlawful conduct, including the

trebling of such damages or profits pursuant to 15 U.S.C. § 1117.

6.      An award to Energizer Brands II of the costs of this action and Energizer Brands

II's reasonable attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. §

1117.

7.      An award to Energizer Brands II of exemplary and punitive damages, based on

Defendants' willfulness and/or reckless indifference to Energizer Brands II's trademark rights.

8.      An award to Energizer Brands II of prejudgment interest.

9.      An award to Energizer Brands II of post-judgment interest.

10.     A trial by jury on all issues so triable.

11.     Such other and further relief to which Energizer Brands II may be entitled.

DATED: March 10, 2017                        Respectfully submitted,


                                             **ARMSTRONG TEASDALE LLP**

                                             By:   /s/ Richard L. Brophy
                                             Richard L. Brophy
                                             7700 Forsyth Blvd, Suite 1800
                                             St. Louis, Missouri 63105
                                             314- 342-4159 (telephone)
                                             314- 613-8579 (facsimile)
                                             rbrophy@armstrongteasdale.com

                                             *Attorneys for Plaintiff Energizer Brands II LLC*


Of Counsel:

**KILPATRICK TOWNSEND & STOCKTON LLP**


William M. Bryner
Harris W. Henderson
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: 336-607-7300
bbryner@kilpatricktownsend.com
hhenderson@kilpatricktownsend.com

Jessica A. Pratt
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: 404-815-6000
japratt@kilpatricktownsend.com

*Attorneys for Plaintiff*
*Energizer Brands II LLC*
*Pro Hac Vice Applications Forthcoming*