**EXHIBIT 2**

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
#### Director of the commissioner of the Trademark

## DEMAND CEASE AND DESIST LETTER

January 18, 2017

**SERIOUS SCENTS**
**IBRAHIM NASSER**
**P.O.Box 5626**
**Chula Vista, CA 91912**
**Tel: (619) 253-9624**
**balweh@hotmail.com**

> **Re: Your Client:  California Scents Co.**
> **Unauthorized Use of California Scents Logo Design and the**
> **California Scents name**
> **US. Registration Number: 1940353**

Dear Mr. Alicia Grahn Jones:

I Ibrahim Nasser and Serious Scents, did create and have been selling air fresheners for cars, etc. in different shape and style for some twenty three years – air fresheners for automobiles, homes and other spaces in the design and Logo of Serious Scents®. Which is now a sole proprietor-ship, which is solely owned by, me as an individual. I am corresponding to you because of the sale by your client California Scents Co. of air fresheners for cars, etc. in different shapes and styles.

A photocopy of one of the versions of our SERIOUS SCENTS® Logo (and packaging) is enclosed with herein. I Ibrahim Nasser own the U.S. Registration No. 3128554 for my unique and Serious Scents design Since August 15, 2006 and the U.S. Registration No. 3755314 for my company logo Goods and services Class 005 for air fresheners and the U.S. Registration No. 86328012 for Goods and Services Class 005 and 003 since October 31,1993 and the U.S. Registration No. 4789267 for Goods and Services Class 005 and 003 since August 11, 2015. I Ibrahim Nasser own the trade dress since 1995 of a U.S. Copyright Registration Certificate (No.VA 691-296) for my unique design of the grenade Serious Scents.

1



SERIOUS SCENTS® Logo

I am informed and rightfully believe your client's California Scents Logo is substantially similar to the SERIOUS SCENTS® air freshener Registration No. 3128554 dated August 15, 2006. This can and does cause confusion in the market place and infringes upon my trade dress and trademark. Your client accesses the same marketplace and marketing channels as my SERIOUS SCENTS® line of air fresheners.

Accordingly, your client's product amounts to copyright and trademark infringement. You are a legal expert in intellectual property law; therefore I need not to outline in detail the remedies that may be pursued for relief and to avoid dilution of my Trademark and copyright. It is my greatest hope that we can come to an agreement, as this will avoid the necessity of taking legal recourse against your client and his company.

Additionally, given the long and well-established use of the SERIOUS SCENTS® design for air fresheners, I also believe your client's product constitutes a violation of Section 43(a) of the Lanham Act.
Please see the original Mark Exhibit #1 filed March 30, 1993

• Define: Material alteration is change of a mark made after a trademark application is submitted.



**Serious Scents Logo**     **California Scents New Logo**

2



 **California Scents old Original Logo** California Scents has abandoned their old logo at all time as seen in events and in different stores location.

**See: Images below.**







**CALIFORNIA SCENTS ADDED THE MULTICOLORED LEAF TO THEIR LOGO.** In combination to the change in the type face and style in combination with the addition of the new leaf the combination of the two new elements changes the look and feel of the Logo of California Scents.

•The mark will be altered from that shown in the original application.
• Material alteration of a mark is considered as a ground for
• Rejection of a proposed amendment to an application.

**Pursuant to 37 CFR 2.72,**
• Any amendment of the mark
• In an application
• That materially alters the mark
•Is prohibited.

As you can see the new trademark is completely different from the original filing in 1993.
 A MATERIALLY ALTERED MARK
• Because of the changes must to be re-published,
• To fairly present the mark for opposition.

**THE TEST FOR DETERMINING WHETHER AN AMENDMENT IS A MATERIAL ALTERATION IS AS FOLLOWS:**
**The Modified Mark Must Contain**
• What is the essence of the original mark,
• The new form must create the impression of being essentially the same mark.

**AS YOU CAN TELL THE TYPE FACE IS DIFFERENT** on California Scents. Now because of the similarity in typeface styles between California Scents and Serious Scents this can and does cause confusion in the market place. As these two companies' names are similar  and too close as to make them difficult to discern between each other. The difference since both are in the air freshener business and market in the same places this becomes an issue. . The change in the trademark of California Scents must be admitted to be remarkably similar to Serious Scents. This effects the Serious Scents essence of the original mark and intrinsic nature or indispensable quality wording similarity in name and type styles which an abstract value and one of impressions that determines fixes the character of Serious Scents Products which is now being confused by California Scents logo change.

**THE GENERAL TEST OF WHETHER AN ALTERATION IS MATERIAL IS**
• Whether the mark would have to be republished
• After the alteration in order to fairly present the mark for purposes of opposition.
Serious Scents agrees with the law that the change to California Scents which was accomplished without being fairly presenting the mark for purposes of opposition which would have been and is now forthcoming from Serious Scents because of confusion in the market place similarity of products.

**IF ONE MARK IS SUFFICIENTLY DIFFERENT FROM ANOTHER MARK**
• As to require republication, It would be tantamount to a new mark appropriate for a new application.

  Please See: In re *Hacot-Colombier*, 105 F.3d 616, 620, 41 USPQ2d 1523, 1526 (Fed. Cir. 1997), quoting Visa Int'l Serv. Ass'n v. Life-Code Sys., Inc., 220 USPQ 740,743-44 (TTAB 1983). This test applies to both an amendment of the description of a mark and an amendment of the mark on a drawing. In re *Thrifty, Inc.*, 274 F.3d 1349, 1352-54, 61 USPQ2d 1121, 1123-24 (Fed. Cir. 2001).

**ALTHOUGH THE TEST REFERS TO REPUBLICATION,**
• It also applies to amendments to marks proposed before publication.
• Material alteration is the standard used for evaluating amendments to marks in all phases of prosecution, i.e.,
• Before publication, after publication, and after registration.
• See tmep §§1609.02–1609.02(g) regarding amendment of registered marks.

**AS A GENERAL RULE,**
• The addition of any element
• That would require a further search
• Will constitute a material alteration.
• See: In re Pierce Foods Corp., 230 USPQ 307, 308-09 (TTAB 1986).

**HOWEVER, WHILE THE QUESTION OF:**
• Whether a new search would be required
• Is a factor to be considered
• In deciding whether an amendment would materially alter a mark,
• It is not necessarily the determining factor.

  *In re Who? Vision Sys., Inc.*, 57 USPQ2d 1211, 1218-19 (TTAB 2000);
  *In re Vienna Sausage Mfg. Co*., 16 USPQ2d 2044, 2047 (TTAB 1990).


**EACH CASE MUST BE DECIDED ON ITS OWN FACTS,**
  these general rules are subject to exceptions.

**THE CONTROLLING QUESTION IS ALWAYS WHETHER THE OLD AND NEW FORMS OF THE MARK CREATE ESSENTIALLY THE SAME COMMERCIAL IMPRESSION.**
• *See Jack Wolfskin Ausrustung Fur Draussen GmbH & Co. KGAA v. New Millennium Sports*, S.L.U., 797 F.3d 1363, 116 USPQ2d 1129 (Fed. Cir. 2015)
• (Holding Minor Adjustment To The Font and alterations to the design element of registered mark insufficient to change the commercial impression created by the mark).

**AS THE FOREGOING LAW DEFINES A CHANGE IN FONT IS INSUFFICIENT TO CHANGE THE COMMERCIAL IMPRESSION CREATED BY THE MARK.** California Scents added the multicolored leaf to their logo. In combination to the change in the type face and style in combination with the addition of the new leaf the combination of the two new elements changes the look and feel of the Logo of California Scents. The changes to the California Scents Log and product closely resemble Serious Scents Logo and typeface causing confusion in the market place.

- See TMEP §807.14(a) regarding amendments to delete matter from a drawing,
- TMEP §807.14(b) regarding the addition or deletion of previously registered matter,
- TMEP §807.14(c) regarding the addition or deletion of punctuation,
- TMEP §§1202.02–1202.02(f)(ii) regarding registration of trade dress marks,
- TMEP §§1202.02(c)(i)–1202.02(c)(i)(C) regarding drawings in trade dress applications, and
- TMEP §§1215.08–1215.08(b) regarding material alteration in marks comprised, in whole or in part, of domain names.

**YOUR CLIENT CALIFORNIA SCENTS HAS ABANDONED THEIR OLD LOGO.** On December 21, 2014 California Scents submitted to the Trademark office their new specimen that represent their new logo California Scents is in violation of law. **See: Trademark Status & Document Retrieval (TSDR). Serial Number: 74373683**

Please consider this letter a demand for your client to immediately cease any further sale, use, display, and/or distribution of air fresheners that copy or are substantially similar to the SERIOUS SCENTS® line of air fresheners.

Additionally, Serious Scents must insist that on or before January 28, 2017 your client must:

> (1) Identify any and all outlets that are selling your client's California Scents Products;
>
> (2) Recall all unsold inventory and provide us with proof of and compliance with the recall;
>
> (3) Produce an accounting of all sales of its California Scents Products to date; and
>
> (4) Abandon U.S. trademark Registration serial No.1940353 for the California Scents name.

I would like to thank you in advance for your prompt and positive response. In the event that you choose not to reply then a nonresponse will establish and legally define that your client will, comply with by request to cause an immediate correction for the violations defined herein on or before January 28, 2017 Once I obtain the information from you or your client that I have requested above, I will be in a better position to discuss with you a possible resolution of all issues.

Best regards,

Ibrahim M. Nasser / Serious Scents Sole Proprietorship.

## CERTIFICATE OF SERVICE

This is a true and valid copy of this Demand letter for Cease and Desist was mailed first class with US. Postage via US priority Mail hereto to the owner attorneys and California Scents Co. and to the Trademark and Patent Office.

Trademark and Patent Office
P.O.BOX 1451
Alexandria, VA 22313-1451

Alicia Grahn Jones
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309

California Scents Co.
18850 Vonkarman, Suite 200
Irvine, CA 92612

This envelope is made from post-consumer waste. ♻

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name*) C. Date of Delivery |
| 1. Article Addressed to: Alicia G. Jones<br>KiLpaTrick Townsend & stock LLP<br>1100 PeachTree ST NE<br>Suite 2800<br>ATLanTa, GA 30309 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise |
| 2. Article Number<br>*(Transfer from service* 7016 1970 0000 9552 9049 | |

PS Form 3811, February 2004          Domestic Return Receipt

VISIT US AT USPS.COM®

EP14F July 2013

7016 1970 0000 9552 9049

**FROM:** IBRAHIM NASSER
P.O. Box 5626
chula vista, CA 91912

**TO:** Alicia G. Jones
KiLpaTrick Townsend & stock
1100 PeachTree ST N
Suite 2800
ATLanTa, GA 3030



UNITED STATES POSTAL SERVICE

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**Director of the commissioner of the Trademark**

## DEMAND CEASE AND DESIST LETTER

February 13, 2017

**SERIOUS SCENTS**
**IBRAHIM NASSER**
**P.O.Box 5626**
**Chula Vista, CA 91912**
**Tel: (619) 253-9624**
**balweh@hotmail.com**

**Re: Your Client:  California Scents Co.**
**Unauthorized Use of California Scents Professional**
**Logo and Design Name**
**US. Registration Number: 3599885**
(4) STANDARD CHARACTER MARK

Dear Mr. Alicia Grahn Jones:

I Ibrahim Nasser and Serious Scents, did create and have been selling air fresheners for cars, etc. in different shape and style for some twenty three years – air fresheners for automobiles, homes and other spaces in the design and Logo of Serious Scents®. Which is now a sole proprietor-ship, which is solely owned by, me as an individual. I am corresponding to you because of the sale by your client California Scents Co. of air fresheners for cars, etc. in different shapes and styles.

A photocopy of one of the versions of our SERIOUS SCENTS® Logo (and packaging) is enclosed with herein. I Ibrahim Nasser own the U.S. Registration No. 3128554 for my unique and Serious Scents design Since August 15, 2006 and the U.S. Registration No. 3755314 for my company logo Goods and services Class 005 for air fresheners and the U.S. Registration No. 86328012 for Goods and Services Class 005 and 003 since October 31,1993 and the U.S. Registration No. 4789267 for Goods and Services Class 005 and 003 since August 11, 2015. I Ibrahim Nasser own the trade dress since 1995 of a U.S. Copyright Registration Certificate (No.VA 691-296) for my unique design of the grenade Serious Scents.

1



SERIOUS SCENTS® Logo

I am informed and rightfully believe your client's California Scents Professional Logo is substantially similar to the SERIOUS SCENTS® air freshener Registration No. 3128554 dated August 15, 2006. This can and does cause confusion in the market place and infringes upon my trade dress and trademark. Your client accesses the same marketplace and marketing channels as my SERIOUS SCENTS® line of air fresheners.

Accordingly, your client's product amounts to copyright and trademark infringement. You are a legal expert in intellectual property law; therefore I need not to outline in detail the remedies that may be pursued for relief and to avoid dilution of my Trademark and copyright. It is my greatest hope that we can come to an agreement, as this will avoid the necessity of taking legal recourse against your client and his company.

Additionally, given the long and well-established use of the SERIOUS SCENTS® design for air fresheners, I also believe your client's product constitutes a violation of Section 43(a) of the Lanham Act.

• Define: Material alteration is change of a mark made after a trademark application is submitted.



Serious Scents Logo          California Scents Professional New Logo

# California Scents Professional

**California Scents Professional old Original Logo** The mark consists of standard characters, without claim to any particular font, style, size, or color. California Scents Co. has abandoned their old logo at all time **by ADDINGD THE MULTICOLORED LEAF TO THEIR CALIFORNIA SCENTS PROFESSIONAL LOGO**. As seen in events and in different stores location.

**See:** Images below.





**CALIFORNIA SCENTS Co. ADDED THE MULTICOLORED LEAF TO THEIR CALIFORNIA SCENTS PROFESSIONAL LOGO.**
In combination to the change in the type face and style in combination with the addition of the new leaf the combination of the two new elements changes the look and feel of the Logo of California Scents Professional.

•The mark will be altered from that shown in the original application.
• Material alteration of a mark is considered as a ground for
• Rejection of a proposed amendment to an application.

**Pursuant to 37 CFR 2.72,**
• Any amendment of the mark
• In an application
• That materially alters the mark
•Is prohibited.

As you can see the new trademark is completely different from the original filing in 2008.
 A MATERIALLY ALTERED MARK
• Because of the changes must to be re-published,
• To fairly present the mark for opposition.

**THE TEST FOR DETERMINING WHETHER AN AMENDMENT IS A MATERIAL ALTERATION IS AS FOLLOWS:**
**The Modified Mark Must Contain**

4

• What is the essence of the original mark,
• The new form must create the impression of being essentially the same mark.

**AS YOU CAN TELL THE TYPE FACE IS DIFFERENT** on California Scents professional. Now because of the similarity in typeface styles between California Scents professional and Serious Scents this can and does cause confusion in the market place. As these two companies' names are similar and too close as to make them difficult to discern between each other. The difference since both are in the air freshener business and market in the same places this becomes an issue. . The change in the trademark of California Scents professional must be admitted to be remarkably similar to Serious Scents. This effects the Serious Scents essence of the original mark and intrinsic nature or indispensable quality wording similarity in name and type styles which an abstract value and one of impressions that determines fixes the character of Serious Scents Products which is now being confused by California Scents professional logo change.

 **THE GENERAL TEST OF WHETHER AN ALTERATION IS MATERIAL IS**
• Whether the mark would have to be republished
• After the alteration in order to fairly present the mark for purposes of opposition. Serious Scents agrees with the law that the change to California Scents professional which was accomplished without being fairly presenting the mark for purposes of opposition which would have been and is now forthcoming from Serious Scents because of confusion in the market place similarity of products.

 **IF ONE MARK IS SUFFICIENTLY DIFFERENT FROM ANOTHER MARK**
• As to require republication, It would be tantamount to a new mark appropriate for a new application.

 Please See: In re ***Hacot-Colombier***, 105 F.3d 616, 620, 41 USPQ2d 1523, 1526 (Fed. Cir. 1997), quoting Visa Int'l Serv. Ass'n v. Life-Code Sys., Inc., 220 USPQ 740,743-44 (TTAB 1983). This test applies to both an amendment of the description of a mark and an amendment of the mark on a drawing. In re *Thrifty, Inc.,* 274 F.3d 1349, 1352-54, 61 USPQ2d 1121, 1123-24 (Fed. Cir. 2001).

**ALTHOUGH THE TEST REFERS TO REPUBLICATION**,
• It also applies to amendments to marks proposed before publication.
• Material alteration is the standard used for evaluating amendments to marks in all phases of prosecution, i.e.,
• Before publication, after publication, and after registration.
• See tmep §§1609.02–1609.02(g) regarding amendment of registered marks.

**AS A GENERAL RULE**,
• The addition of any element
• That would require a further search
• Will constitute a material alteration.

5

• See: In re Pierce Foods Corp., 230 USPQ 307, 308-09 (TTAB 1986).

**HOWEVER, WHILE THE QUESTION OF**:
• Whether a new search would be required
• Is a factor to be considered
• In deciding whether an amendment would materially alter a mark,
• It is not necessarily the determining factor.

*__In re Who? Vision Sys., Inc.,__* 57 USPQ2d 1211, 1218-19 (TTAB 2000);
*__In re Vienna Sausage Mfg. Co__*., 16 USPQ2d 2044, 2047 (TTAB 1990).


**EACH CASE MUST BE DECIDED ON ITS OWN FACTS**,
 these general rules are subject to exceptions.

**THE CONTROLLING QUESTION IS ALWAYS WHETHER THE OLD AND
NEW FORMS OF THE MARK CREATE ESSENTIALLY THE SAME
COMMERCIAL IMPRESSION**.
• *__See Jack Wolfskin Ausrustung Fur Draussen GmbH & Co. KGAA v. New
Millennium Sports__*, S.L.U., 797 F.3d 1363, 116 USPQ2d 1129 (Fed. Cir. 2015)
• (Holding Minor Adjustment To The Font and alterations to the design element of
registered mark insufficient to change the commercial impression created by the
mark).

**AS THE FOREGOING LAW DEFINES A CHANGE IN FONT IS INSUFFICIENT
TO CHANGE THE COMMERCIAL IMPRESSION CREATED BY THE MARK**.
California Scents professional added the multicolored leaf to their logo. In
combination to the change in the type face and style in combination with the
addition of the new leaf the combination of the two new elements changes the
look and feel of the Logo of California Scents professional. The changes to the
California Scents professional Logo and product closely resemble Serious
Scents Logo and typeface causing confusion in the market place.

• See TMEP §807.14(a) regarding amendments to delete matter from a drawing,
• TMEP §807.14(b) regarding the addition or deletion of previously registered
matter,
• TMEP §807.14(c) regarding the addition or deletion of punctuation,
• TMEP §§1202.02–1202.02(f)(ii) regarding registration of trade dress marks,
• TMEP §§1202.02(c)(i)–1202.02(c)(i)(C) regarding drawings in trade dress
applications, and
• TMEP §§1215.08–1215.08(b) regarding material alteration in marks comprised,
in whole or in part, of domain names.

**YOUR CLIENT CALIFORNIA SCENTS PROFESSIONAL HAS ABANDONED THEIR OLD LOGO.** On Jan. 26, 2009 California Scents submitted to the Trademark office their new specimen that represent their new logo California Scents professional by **ADDINGD THE MULTICOLORED LEAF** to it. California Scents Co. is in violation of law.
**See: Trademark Status & Document Retrieval (TSDR). Serial Number: 3599885**



Please consider this letter a demand for your client to immediately cease any further sale, use, display, and/or distribution of air fresheners that copy or are substantially similar to the SERIOUS SCENTS® line of air fresheners.

Additionally, Serious Scents must insist that on or before February 27, 2017 your client must:

      (1) Identify any and all outlets that are selling your client's California Scents Professional Products;

      (2) Recall all unsold inventory and provide us with proof of and compliance with the recall;

(3) Produce an accounting of all sales of its California Scents
Professional Products to date; and

(4) Abandon U.S. trademark Registration serial No.: 3599885 for the
California Scents Professional name.

I would like to thank you in advance for your prompt and positive response. In the
event that you choose not to reply then a nonresponse will establish and legally
define that your client will, comply with by request to cause an immediate
correction for the violations defined herein on or before February 27, 2017 Once I
obtain the information from you or your client that I have requested above, I will
be in a better position to discuss with you a possible resolution of all issues.

Best regards,

Ibrahim M. Nasser / Serious Scents Sole Proprietorship.

## CERTIFICATE OF SERVICE

This is a true and valid copy of this Demand letter for Cease and Desist was
mailed first class with US. Postage via US Post Mail hereto to the owner
attorneys and California Scents Co. and to the Trademark and Patent Office.

Trademark and Patent Office
P.O.BOX 1451
Alexandria, VA 22313-1451

Alicia Grahn Jones
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309

American Covers, Inc. c/o
California Scents Co.
102 W 12200 S,
Draper, UT 84020

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**Director of the commissioner of the Trademark**

## DEMAND CEASE AND DESIST LETTER

February 13, 2017

**SERIOUS SCENTS**
**IBRAHIM NASSER**
P.O.Box 5626
Chula Vista, CA 91912
Tel: (619) 253-9624
balweh@hotmail.com

**Re: Your Client:  American Covers, Inc.**
**Unauthorized Use of DRIVEN BY REFRESH YOUR CAR**
**US. Registration Number: 4147088**
(4) STANDARD CHARACTER MARK

Dear Mrs. Alicia Grahn Jones:

I Ibrahim Nasser and Serious Scents, did create and have been selling air fresheners for cars, etc. in different shape and style for some twenty three years – air fresheners for automobiles, homes and other spaces in the design and Logo of LITTLE GRENADE® Which is now a sole proprietor-ship, which is solely owned by, me as an individual. I am corresponding to you because of the sale by your client AMERICAN COVERS, INC. DRIVEN BY REFRESH YOUR CAR air fresheners for cars, etc. in different shapes and styles.

A photocopy of one of the versions of our SERIOUS SCENTS® and LITTLE GRENADE® grenade design (and packaging) is enclosed with herein. I Ibrahim Nasser own the U.S. Registration No. 3733162 for my unique LITTLE GRENADE® grenade design Since January 5, 2010 for my company Goods and services Class 005 for air fresheners I Ibrahim Nasser own the trade dress since 1995 a U.S. Copyright Registration Certificate (No.VA 691-296) for my unique design of the grenade air freshener SERIOUS SCENTS® and LITTLE GRENADE®.

1



I am informed and rightfully believe your client's AMERICAN COVERS, INC. Their DRIVEN BY REFRESH YOUR CAR Products is substantially similar to SERIOUS SCENTS® and LITTLE GRENADE® the trade dress since 1995 of a U.S. Copyright Registration Certificate (No.VA 691-296) for my unique design of a grenade air freshener.

This can and does cause confusion in the market place and infringes upon my trade dress and trademark. Your client accesses the same marketplace and marketing channels as my SERIOUS SCENTS® and LITTLE GRENADE® line of air fresheners.

Accordingly, your client's product amounts to copyright and trademark infringement. You are a legal expert in intellectual property law; therefore I need not to outline in detail the remedies that may be pursued for relief and to avoid dilution of my Trademark and copyright. It is my greatest hope that we can come to an agreement, as this will avoid the necessity of taking legal recourse against your client and his company.

Additionally, given the long and well-established use of SERIOUS SCENTS® LITTLE GRENADE® Grenade design for air fresheners, I also believe your client's product Driven by refresh your car constitutes a violation of Section 43(a) of the Lanham Act. **Please see the original Grenade Mark.**

# DRIVEN BY REFRESH YOUR CAR

• Define: Material alteration is change of a mark made after a trademark application is submitted.



# DRIVEN BY REFRESH YOUR CAR

**THE MARK CONSISTS OF TYPED DRAWING AMERICAN COVERS, INC.BY ADDING ADDITIONAL (CAR IMAGE) TO DRIVEN BY REFRESH YOUR CAR AND FONT STYLE TO THEIR LOGO.** When it was registered for the mark consists of standard characters, without claim to any particular font, style, size, or color. They have abandoned their logo at all time as seen in their package from day one by the specimen submitted to the trademark office dated March 20, 2012. **See: Specimen below.**

**March 20, 2012**



**AMERICAN COVERS, INC. ADDED ADDITIONAL (CAR IMAGE) AND FONT STYLE TO THEIR LOGO DRIVEN BY REFRESH YOUR CAR.** In combination to the change in the style in combination with the addition of a car image and the font style, size, and color. the combination of the two new elements changes the look and feel of the Logo of AMERICAN COVERS, INC.
•The mark will be altered from that shown in the original application.
• Material alteration of a mark is considered as a ground for
• Rejection of a proposed amendment to an application.

**Pursuant to 37 CFR 2.72,**
• Any amendment of the mark
• In an application
• That materially alters the mark
•Is prohibited.
As you can see the trademark is completely different from the original filing in Feb 24, 2010. The mark consists of standard characters, without claim to any particular font, style, size, or color without a car image.



A MATERIALLY ALTERED MARK
• Because of the changes must to be re-published,
• To fairly present the mark for opposition.

**THE TEST FOR DETERMINING WHETHER AN AMENDMENT IS A
MATERIAL ALTERATION IS AS FOLLOWS**:
**The Modified Mark Must Contain**
• What is the essence of the original mark,
• The new form must create the impression of being essentially the same mark.

**AS YOU CAN TELL THE DESIGN IS DIFFERENT** on AMERICAN COVERS,
INC. Now because of the similarity in typeface styles between AMERICAN
COVERS, INC. and LITTLE GRENADE® this can and does cause confusion in
the market place. As these two names are similar and too close as to make them
difficult to discern between each other. The difference since both are in the air
freshener business and market in the same places this becomes an issue. The
change in the trademark of AMERICAN COVERS, INC. must be admitted to be
remarkably similar to LITTLE GRENADE® This effects the LITTLE GRENADE®
essence of the original mark and intrinsic nature or indispensable quality wording
similarity in name and type styles which an abstract value and one of
impressions that determines fixes the character of LITTLE GRENADE® Products
which is now being confused by AMERICAN COVERS, INC. logo changes.


 **THE GENERAL TEST OF WHETHER AN ALTERATION IS MATERIAL IS**
• Whether the mark would have to be republished
• After the alteration in order to fairly present the mark for purposes of opposition.
Serious Scents agrees with the law that the change to AMERICAN COVERS,
INC. driven by refresh your car new logo which was accomplished without being
fairly presenting the mark for purposes of opposition which would have been and
is now forthcoming from SERIOUS SCENTS® and LITTLE GRENADE® because
of confusion in the market place similarity of products.

 **IF ONE MARK IS SUFFICIENTLY DIFFERENT FROM ANOTHER MARK**
• As to require republication, It would be tantamount to a new mark appropriate
for a new application.

 Please See: In re *Hacot-Colombier*, 105 F.3d 616, 620, 41 USPQ2d 1523,
1526 (Fed. Cir. 1997), quoting Visa Int'l Serv. Ass'n v. Life-Code Sys., Inc., 220
USPQ 740,743-44 (TTAB 1983). This test applies to both an amendment of the
description of a mark and an amendment of the mark on a drawing. In re *Thrifty,
Inc.,* 274 F.3d 1349, 1352-54, 61 USPQ2d 1121, 1123-24 (Fed. Cir. 2001).

**ALTHOUGH THE TEST REFERS TO REPUBLICATION**,
• It also applies to amendments to marks proposed before publication.
• Material alteration is the standard used for evaluating amendments to marks in
all phases of prosecution, i.e.,
• Before publication, after publication, and after registration.
• See tmep §§1609.02–1609.02(g) regarding amendment of registered marks.
**AS A GENERAL RULE,**

• The addition of any element
• That would require a further search
• Will constitute a material alteration.
• See: In re Pierce Foods Corp., 230 USPQ 307, 308-09 (TTAB 1986).

**HOWEVER, WHILE THE QUESTION OF**:
• Whether a new search would be required
• Is a factor to be considered
• In deciding whether an amendment would materially alter a mark,
• It is not necessarily the determining factor.

*In re Who? Vision Sys., Inc.,* 57 USPQ2d 1211, 1218-19 (TTAB 2000);
*In re Vienna Sausage Mfg. Co*., 16 USPQ2d 2044, 2047 (TTAB 1990).

**EACH CASE MUST BE DECIDED ON ITS OWN FACTS,**
 these general rules are subject to exceptions.

**THE CONTROLLING QUESTION IS ALWAYS WHETHER THE OLD AND
NEW FORMS OF THE MARK CREATE ESSENTIALLY THE SAME
COMMERCIAL IMPRESSION**.
• *See Jack Wolfskin Ausrustung Fur Draussen GmbH & Co. KGAA v. New
Millennium Sports*, S.L.U., 797 F.3d 1363, 116 USPQ2d 1129 (Fed. Cir. 2015)
• (Holding Minor Adjustment To The Font and alterations to the design element of
registered mark insufficient to change the commercial impression created by the
mark).

**AS THE FOREGOING LAW DEFINES A CHANGE IN FONT IS INSUFFICIENT
TO CHANGE THE COMMERCIAL IMPRESSION CREATED BY THE MARK**.
AMERICAN COVERS, INC. added the car image to their logo. In combination to
the change in the style in combination with the addition of the car image the
combination of the two new elements changes the look and feel of the Logo of
AMERICAN COVERS, INC. The changes to the AMERICAN COVERS, INC.
Logo and product closely resemble SERIOUS SCENTS® and LITTLE
GRENADE® grenade air freshener products causing confusion in the market
place.

• See TMEP §807.14(a) regarding amendments to delete matter from a drawing,
• TMEP §807.14(b) regarding the addition or deletion of previously registered
matter,
• TMEP §807.14(c) regarding the addition or deletion of punctuation, • TMEP
§§1202.02–1202.02(f)(ii) regarding registration of trade dress marks,
• TMEP §§1202.02(c)(i)–1202.02(c)(i)(C) regarding drawings in trade dress
applications, and
• TMEP §§1215.08–1215.08(b) regarding material alteration in marks comprised,
in whole or in part, of domain names.

## YOUR CLIENT AMERICAN COVERS, INC. HAS UNPROPERLY USED DRIVEN BY REFRESH YOUR CAR LOGO

The mark consists of standard characters, without claim to any particular font, style, size, or color. On Mar 20, 2012. AMERICAN COVERS, INC. Submitted to the Trademark office their specimen that represents their logo driven by refresh your car without adding a car or font style, size, or color. AMERICAN COVERS, INC. is in violation of law.



**See: Trademark Status & Document Retrieval (TSDR). Serial Number: 4147088**



## SERIOUS SCENTS, INC. ON SEP 03, 2013 HAD DEMANDED FROM AMERICAN COVERS INC. TO CEASE AND DESIST THE SALE OF ITS GRENADE SHAPE AIR FRESHENER WHICH WAS IGNORED BY AMERICAN COVERS, INC. See Below



Case 2:13-cv-01032-DBP Document 2-4 Filed 11/18/13 Page 2 of 3

SEP - 5 2013

THORPE NORTH & WESTERN

Ibrahim M. Nasser
356 Roosevelt St, #7
Chula Vista, CA 91910
Tel: 619.616.8189
inasser@littlegrenade.com
www.littlegrenade.com

### GRENADE AIR FRESHENER

September 03, 2013

Peter M. de Jonge, Esq
Thorpe North & Western LLP
8180 S. 700 East, Ste. 350
Sandy, UT 84070



VA691-296   Serial Number   Driven by
85823376   Refresh

Re:   Your Client: American Covers, Inc.
Unauthorized Use of Grenade Design

Dear Mr. De Jonge:

I Ibrahim M. Nasser and Serious Scents, Inc. (hereafter "Serious Scents") I and Serious Scents* Created and have been selling for some twenty years - Air fresheners for automobiless, homes and other spaces in the design of a grenade under the brand names LITTLE GRENADE* and Serious Scents*. I am writing to you because of the sale by your client American Covers, Inc. of Air fresheners for cars, et. in the shape and style of a grenade

I have also seen example of your client's grenade Air freshener sold under the name "DRIVEN by Refresh". I owns a U.S. Copyright Registration Certificate ( No. VA 691-296) for my unique design of the grenade.

I believe your client's grenade Air freshener is substantially similar to the LITTLE GRENADE* Air freshener and that your client has had access in the marketplace to my LITTLE GRENADE* line of Air fresheners. Accordingly, your client's product amounts to copyright infringement. Given your background in intellectual property law, I do not believe I need to outline in detail the remedies available to my self pursuant to the Copyright Act.

Additionally, given the long and well - established use of the LITTLE GRENADE* design for Air fresheners, I also believe your client's product constitutes a violation of Section 43(a) of the Lanham Act.

9

Peter M. de Jonge, Esq.
Thorpe North & Western LLP
September 03, 2013
Page two

Please consider this letter a demand for your client to immediately cease any further sale, use, display, and or distribution of Air fresheners that copy or are substantially similar to the LITTLE GRENADE® of Air fresheners.

Additionally, Serious Scents® must insist that on or before October 30, 2013 , your client must:

(1) Identify any and all outlets that are selling your client's grenade Air fresheners;

(2) Recall all unsold inventory and provide us with proof of and compliance with the recall;

(3) Produce an accounting of all sales of its grenade Air fresheners to date; and

(4) Abandon U.S.Trademark Application serial No. 85/823,376 for the grenade design.

Please also contact me by September 12, 2013 to advise whether or not your client will comply with these requests. Once I obtain the information form you or your client that we have requested above, we will be in a better position to discuss with you a possible resolution of all issues.

This letter is written without prejudice to any other rights or remedies I may posses.

Very truly yours,

Ibrahim M. Nasser
President
Serious Scents, Inc.

cc: American Covers, Inc.
Corporation Utah
102 West 12200 South Draper
UTAH 84020

10

Please consider this letter a demand for your client to immediately cease any further sale, use, display, and/or distribution of air fresheners that copy or are substantially similar to the SERIOUS SCENTS® and LITTLE GRENADE® line of grenade air fresheners.

Additionally, Serious Scents must insist that on or before February 27, 2017 your client must:

      (1) Identify any and all outlets that are selling your client's American Covers, Inc. Driven by refresh your car Grenade air fresheners Products;

      (2) Recall all unsold inventory and provide us with proof of and compliance with the recall;

      (3) Produce an accounting of all sales of its AMERICAN COVERS, INC. Driven by refresh your car grenade shape air freshener to date; and

      (4) Abandon the two U.S. Trademark Registration Serial No.: 4147088 and the U.S Trademark Registration Serial No.: 4890647 for the AMERICAN COVERS, INC. DRIVEN BY REFRESH YOUR CAR Design and Name and GRENADE AIR FRESHENER DESIGN.

I would like to thank you in advance for your prompt and positive response. In the event that you choose not to reply then a nonresponse will establish and legally define that your client will, comply with by request to cause an immediate correction for the violations defined herein on or before February 27, 2017 Once I obtain the information from you or your client that I have requested above, I will be in a better position to discuss with you a possible resolution of all issues.

Best regards,

Ibrahim M. Nasser / Serious Scents Sole Proprietorship.

## CERTIFICATE OF SERVICE

This is a true and valid copy of this Demand letter for Cease and Desist was mailed first class with US. Postage via US Post Mail hereto to American Covers, Inc. and its attorney and to the Trademark and Patent Office.

Trademark and Patent Office
P.O.BOX 1451
Alexandria, VA 22313-1451

Alicia Grahn Jones
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GEORGIA 30309

American Covers, Inc.
102 W 12200 S,
Draper, UT 84020



Ibrahim M. Nasser
Post Office Box 5626
Chula Vista, CA 91912
T: 619 253 9624
balweh@hotmail.com

February 16, 2017

**VIA EMAIL TO bbryner@kilpatricktownsend.com**
**And via u.s. mail**

Attorney William A. Bryner
1001 West Fourth Street
Winston-Salem NC 27101-2400

Reference correspondence of February 13, 2017

Dear Mr. Bryner:
Please forgive my tardiness in responding to you I have been tied up with other business matters which made physical and legal impossibility for me to respond to you as promptly as I would like.

You stated in your correspondence that you were willing to cancel the trademark that was in dispute. You alluded to some type of conditions for canceling the trademark. These remained undefined through the application of the skillful use of the art of words.

My position is one that is simple straightforward and very clear. I was issued a trademark in compliance with the law. It does not matter if it was senior or junior. I have and hold a valid trademark. As I can clearly prove beyond any doubt your client actually did infringe upon my trademark. While infringing upon the trademark it can only be assumed that a large amount of money was made at my expense for that infringement. It did cause confusion in the marketplace and it caused me injuries.

The question now becomes exactly how much money in sales did your client make while infringing upon my trademark. This would be the benchmark for deciding compensation for that infringement. Also be informed that Serious Scents is no longer an incorporated company. It is a sole proprietorship, which gives me the right and privilege of defending myself in any litigation as an in-pro-per litigant. This in of itself makes it viable for me to pursue and defend any claims that would be brought without me suffering the necessity of going broke in the process.

Unless you're until you can give me some positive reason or value for giving you a waiver of 30 days then I am not inclined to do so.

In closing I would like to thank you for your correspondence and your kind and generous offer. After a careful examination of that offer I do not see any benefit in it for me. Should you have another offer I would happily entertain it.

Best regards,

Ibrahim M. Nasser