IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ENERGIZER BRANDS II, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 4:17-cv-00876 RWS |
| SERIOUS SCENTS, INC., and IBRAHIM NASSER, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Energizer Brands II, LLC ("Energizer") respectfully requests the Court to deny the Motion to Dismiss (ECF 21) ("Motion") filed by Defendants.

**I.    INTRODUCTION**

This case stems from Defendants' claim to intellectual property rights arising out of their purported "long and extensive sales across the United States" of grenade-shaped air freshener products under the mark SERIOUS SCENTS and prominently featuring Defendants' LITTLE GRENADE trademark (the "LITTLE GRENADE Products"), which they assert are "famous throughout the United States." ECF 1-3, ¶¶ 4, 7. Defendants have offered the LITTLE GRENADE Products, as well as other air freshener products bearing the SERIOUS SCENTS mark, through an interactive, e-commerce website, *www.littlegrenade.com* (the "Website"), accessible by Internet users nationwide, including those in Missouri. ECF 1, ¶ 17; Declaration of William M. Bryner ("Bryner Decl."), Ex. 4, submitted concurrently with this Opposition.

On the basis of their purported copyright and trademark rights in these air freshener products, Defendants initiated an action against Energizer in the Trademark Trial and Appeal Board (the "Board") seeking to cancel a trademark registration owned by Energizer. ECF 1-3.

1

Defendants also sent a series of threatening letters alleging further trademark and copyright violations by Energizer, related to trademarks Energizer uses, and has long used—either itself or through its predecessors in interest—in connection with its CALIFORNIA SCENTS and DRIVEN BY REFRESH YOUR CAR product lines. *See* ECF 1-4. In response to Defendants' actions and repeated allegations of trademark and copyright infringement, Energizer filed suit against Defendants in this Court on March 10, 2017 seeking declaratory relief relating to Defendants' allegations and also asserting affirmative claims of trademark infringement and unfair competition against Defendants under both federal law and Missouri State law (the "Missouri Action").[1] ECF 1.

Despite instigating this dispute, Defendants blatantly evaded service of process. *See generally* ECF 12; *see also* ECF 12-11. Then, contrary to Defendants' claims that they would be "out of the country" during the time period for serving the complaint in the Missouri Action, ECF 12-11 at p. 5, Defendants filed an action against Energizer, as well as other defendants, on April 28, 2017 in the Southern District of California (the "California Action"). Bryner Decl., Ex. 1. Although Defendants' Complaint in the California Action is difficult to decipher, it is clear the action is "parallel litigation" when compared to the Missouri Action Energizer filed 49 days earlier, as discussed in greater detail below.

Defendants file this Motion to Dismiss the Missouri Action in yet another act of gamesmanship. In their Motion, Defendants appear to assert this court lacks personal

---

[1] As Energizer's counsel explained to Defendants, Energizer, either itself or through its predecessors-in-interest, has used the CALIFORNIA SCENTS mark since November 1992 and has priority over Defendants' SERIOUS SCENTS mark, for which Defendants claim first use dates of September 19, 2001 (as a word mark), and June 30, 2009 and November 4, 2012 (as two versions of a word plus design mark). ECF 1, ¶ 10, ECF 1-5. Thus, to the extent confusion is likely between the parties' marks, *Energizer*—as the party with priority of rights—is entitled to injunctive and monetary relief *against Defendants*.

jurisdiction over Defendants and that their parallel action—filed seven weeks after this one—should proceed instead. Defendants arguments are misplaced because (1) this Court has personal jurisdiction over Defendants in the Missouri Action; (2) the first-filed rule dictates that this Missouri Action, not the later-filed California Action, should proceed[2]; and (3) this Court cannot even consider the Motion on behalf of Defendant Serious Scents, Inc. because as a corporation, Serious Scents, Inc. cannot represent itself "pro se."  Accordingly, Energizer respectfully requests the Court deny Defendants' Motion to Dismiss.

## II. ARGUMENT AND CITATION TO AUTHORITIES

### A. The Court Should Deny Defendants' Motion Because Energizer's Complaint Establishes a Prima Facie Case for Exercising Jurisdiction Over Defendants.

To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff "need only make a prima facie showing of jurisdiction." *Dak. Indus., Inc. v. Dak. Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991); *see also Enter. Rent-A-Car Co. v. U-Haul Int'l, Inc.*, 327 F. Supp. 2d 1032, 1036 (E.D. Mo. 2004); *Anheuser-Busch, Inc. v. City Merchandise*, 176 F. Supp. 2d 951, 955 (E.D. Mo. 2001).  When, as here, "the district court does not hold a hearing and instead relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." *Dakota*, 946 F.2d at 1387; *see also Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1036; *Anheuser-Busch*, 176 F. Supp. 2d at 955.

Applying these presumptions, the jurisdictional analysis is a two-step inquiry. *See Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012). First, the Court must determine "if a defendant's conduct was covered by the long-arm statute." *Id.* Second, the Court must "analyze

---

[2] Energizer filed a Motion to Dismiss the California Action on the basis of the first-to-file rule. That motion has been fully briefed, and is pending. *See* Bryner Decl., ¶ 3, Exs. 2-3.

whether the exercise of jurisdiction comports with due process requirements." *Id*.  The exercise of personal jurisdiction over Defendants is proper under both steps.

### 1. The Missouri Long-Arm Statute Applies to Defendants Because Trademark Infringement Constitutes "the Commission of a Tortious Act" When it Causes a Missouri Plaintiff Economic Injury.

Missouri's long-arm statute allows personal jurisdiction over a nonresident who takes action "in person or through an agent" constituting "the commission of a tortious act within this state."  Mo. Rev. Stat. § 506.500.  "This court has held that infringing upon a trademark is grounds for personal jurisdiction under 'the commission of a tortious act' provision of Missouri's long-arm statute."  *Anheuser-Busch*, 176 F. Supp. 2d at 957.  Moreover, "Missouri caselaw construes the phrase 'commission of a tortious act within this state' to include extraterritorial acts producing actionable consequences in Missouri." *Fulton v. Chicago, Rock Island & P. R. Co.*, 481 F.2d 326, 331 (8th Cir. 1973).

Energizer's Complaint alleges Defendants "committed a tortious act within this state" as that phrase is interpreted in the Eighth Circuit.  Specifically, it includes allegations that Defendants' use of the SERIOUS SCENTS mark amounts to infringement and unfair competition under federal and state law.  *See* ECF 1, ¶¶ 86-101. Energizer's Complaint also alleges Energizer is based in St. Louis, Missouri,  *id.* at ¶ 12, and that Defendants' conduct entitles Energizer to monetary relief.  *Id.* at ¶¶ 90, 94, 100.  The Missouri long-arm statute thus reaches the California-based Defendants "because the allegedly infringing activities have produced an effect in Missouri as they have allegedly caused [the plaintiff] economic injury." *See Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328, 1331 (E.D. Mo. 1996).

### 2. Exercising Personal Jurisdiction Over Defendants Comports with Due Process Because They Have Sufficient Minimum Contacts with Missouri.

"Due process requires that there be 'minimum contacts' between the nonresident

4

defendant and the forum state before a court can exercise personal jurisdiction over the defendant." *Maritz, Inc.*, 947 F. Supp. at 1332.  Defendants' conduct and connection to Missouri are sufficient to establish the requisite minimum contacts if the defendant "should reasonably anticipate being haled into court there, and when the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*.  The Eighth Circuit considers five factors in measuring minimum contacts:

    (1) the nature and quality of the contacts with the forum state;

    (2) the quantity of those contacts:

    (3) the relation of the cause of action to the contacts;

    (4) the interest of the forum state in providing a forum for its residents;

    (5) the convenience of the parties.

*Id*.  "The first three factors are the most important." *Id*.  Here, each factor favors a finding that the "minimum contacts" test and thus due process is satisfied.

    *First*, Energizer's Complaint establishes that the nature and quality of Defendants' contacts with Missouri are consistent with due process.  Through their Website, Defendants have offered for sale the relevant air freshener products to Internet users nationwide, including those throughout the State of Missouri. ECF No. 1, ¶ 17; Bryner Decl., Ex. 4.  The Eighth Circuit recognizes the impact a party's interactive website reaching forum residents has on personal jurisdiction.  *See Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1041 (citing *Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 712 (8th Cir. 2003); explaining "[a] highly interactive website which targets forum residents to enter into contracts will subject a defendant to personal jurisdiction.").

    Applying the model outlined in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), the Eighth Circuit identified a "sliding scale" to measure the

likelihood of personal jurisdiction.  *Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1041 (citing *Lakin*, 348 F.3d at 711); *see also Select Comfort Corp. v. Kittaneh*, 161 F. Supp. 3d 724, 730 (D. Minn 2014).  At one end of the spectrum are "passive" websites through which a defendant provides only information, the middle ground is occupied by "interactive" websites allowing an exchange of information between a defendant and users, and at the far end of the spectrum are websites through which a defendant conducts business over the Internet.  *Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1041 (citing *Zippo Mfg. Co.*, 952 F. Supp. at 1124).

Defendants' Website falls into this last category because it has provided Defendants the ability to "enter[] into contracts with residents of [Missouri] that involve the knowing and repeated transmission of computer files over the Internet." *Id.*  As shown below, Defendants' Website has provided users with the ability to select a product, add that product to a virtual "cart," and purchase the product.



6



*See* Bryner Decl., Ex. 4-5. In addition, the Website currently allows individuals to review products advertised on the site and to post their reviews to assist others in making purchasing decisions. *Id.*, Ex. 5. The website also allows users to send messages to Defendants using the website's "Contact" page. *Id.*, Exs. 4-5. The high degree of interactivity of Defendants' website "leads to the conclusion that personal jurisdiction is appropriate." *Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1042 (defendant's websites highly interactive where a Missouri resident could rent a vehicle or obtain other goods and services directly from websites); *see also Select Comfort Corp.*, 161 F. Supp. 3d at 727, 730 (court had personal jurisdiction where defendants operated an interactive website through which they sold air mattresses to purchasers across the country).

Consistent with the capabilities of Defendants' Website, Defendants represented both to the Board and Energizer that Defendants enjoy "long and extensive sales across the United States" and that their air freshener products are "famous throughout the United States." ECF 1-3 ¶¶ 4-7; ECF 1-4, p. 2. Defendants provided no geographic restrictions on these assertions. *Id.* Moreover, Defendants consciously undertook to engage Energizer, a Missouri-based corporation, and persisted in leveling demands relating to Energizer's air freshener products and trademarks, which necessarily caused Energizer to seek declaratory judgment. *See* ECF 1-4. Given Defendants' highly interactive website, representations of nationwide sales and fame, and instigation of a dispute with Energizer, Defendants cannot truly be surprised to be haled into a Missouri court to resolve this matter.

*Second*, through its allegations that Defendants' Website is interactive, Energizer's Complaint establishes that the quantity of Defendants' contacts with Missouri are consistent with due process because by their nature, "interactive websites provide continuous, systematic contacts with the forum state." *See Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1044.[3]

*Third*, Energizer's Complaint confirms that the cause of action's close relationship to Defendants' contacts with the forum state is consistent with due process.  Defendants' Website allows interactivity between Defendants and Missouri residents. The same website has contained references to trademarks at issue—both those Defendants claim Energizer infringes and those Energizer claims Defendants infringe, including SERIOUS SCENTS and Defendants' grenade design marks.  ECF 1, ¶ 17; Bryner Decl., Exs. 4-5.  As such, Defendants' contacts are closely related to the subject matter of this action. *Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1044 ("[Defendant's] contacts with the forum state are closely related to the subject matter of this action, as the same web pages that allow interactivity with Missouri residents, including the rental of vehicles, contain the . . . marks alleged to infringe on plaintiff's Marks."). Accordingly, this factor favors the exercise of personal jurisdiction.

*Fourth*, the State of Missouri's interest in providing a forum for its residents supports the exercise of personal jurisdiction. "The State of Missouri has a legitimate interest in providing a forum to a corporate citizen that alleges its valuable trademarks have been infringed."  *Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1044; *Maritz, Inc.*, 947 F. Supp. at 1334 ("The State of

---

[3] To the extent the Court requires further evidence of the quantity of contacts, Energizer seeks leave to conduct jurisdictional discovery because such information is otherwise unavailable to Energizer. "[C]ourts should assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *1st Tech., LLC v. Digital Gaming Solutions. S.A.*, No. 4:08 CV 586 DDN, 2008 WL 4790347, at *6 (E.D. Mo. Oct. 31, 2008) (quotation marks omitted); *see also Lakin*, 348 F.3d at 712 (finding the district court's denial of plaintiff's request for jurisdictional discovery concerning the "quantity of contacts" of a website an abuse of discretion).

Missouri has an interest in resolving this case and determining whether a Missouri corporation's trademark is being infringed in violation of a federal statute."); *Anheuser-Busch*, 176 F. Supp. 2d at 958 ("[Plaintiff] is a very large employer and distributor in Missouri and it would certainly be in Missouri's interest to protect this business from infringement."). Energizer's principal place of business is in St. Louis, Missouri, and the economic injury and injury to its goodwill occurred in Missouri. ECF 1, ¶¶ 12, 89-90, 93-94, 99-100. Because Missouri has a legitimate interest in providing a forum for corporations that reside in Missouri, like Energizer, "traditional notions of fair play and substantial justice do not dictate against exercising personal jurisdiction over defendant in Missouri." *Maritz, Inc.*, 947 F. Supp. at 1334.

*Fifth,* as to the convenience factor, "this case splits down party lines" but is not dispositive. *See Anheuser-Busch*, 176 F. Supp. 2d at 958. "It would obviously be more convenient for [Energizer] to litigate in Missouri as most of their personnel that would testify at trial reside in Missouri. [Defendants] would be inconvenienced as [they] reside[] in [California]." *Id.*; *see also Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1044 ("It would be far more convenient for plaintiff to litigate this action here rather than anywhere else."). And Defendants "ha[ve] not shown that [they are] so burdened by defending [themselves] in this forum that traditional notions of fair play and substantial justice are implicated." *Maritz, Inc.*, 947 F. Supp. at 1334.

Applying both Missouri's long-arm statute and due process considerations, this Court has personal jurisdiction over Defendants. The Court should therefore deny Defendants' Motion on that basis.

**B. The Court Should Deny Defendants' Motion Because the Missouri Action Was Filed 49 Days Before the Second-Filed California Action and Should Proceed First.**

The almost two centuries' old first-filed rule,[4] "is a facet of federal comity doctrine that operates in instances of parallel litigation and is intended to 'promote efficient use of judicial resources.'" *Mckinney Drilling Co., LLC v. Liberty Mut. Ins. Co.*, No. 5:16-CV-05078, 2016 WL 3349326, at *1 (W.D. Ark. June 15, 2016) (quoting *Orthman v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). Under the first-filed rule, "the first court in which jurisdiction attaches has priority to consider the case." *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990). And "jurisdiction attaches at the time of filing of a complaint." *Marietta Campbell Ins. Grp., LLC v. Jefferson-Pilot Life Ins. Co.*, No. CIV. 2:07-CV-32, 2007 WL 3197311, at *2 (D.N.D. Oct. 26, 2007) (citing *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982)); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

"[I]t is implied that it is the filing, not service, of a complaint that results in the attachment of jurisdiction." *Marietta Campbell Ins. Grp., LLC*, 2007 WL 3197311, at *2 ("[I]n other Eighth Circuit Cases, the Court repeatedly references 'filing' rather than 'service' in opinions applying the 'first to file' rule."); *see also Twin Cities Gaming Supplies, Inc. v. FortuNet, Inc.,* No. 09-2290, 2010 WL 391294, at *3 (D. Minn. Jan. 25, 2010). Notably, the rule is the same in the Ninth Circuit, where Energizer filed a motion to dismiss the California Action on the basis of the first-filed rule. *See* Bryner Decl., Exs. 2-3; *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n.3 (9th Cir. 1982) ("A federal action is commenced by the filing of the complaint, not by service of process. It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity.") (citation omitted). Energizer filed the Missouri Action

---

[4] *See Smith v. M'Iver*, 22 U.S. 532, 535-36 (1824).

10

on March 10, 2017, seven weeks before Defendants filed the California Action, and accordingly the Missouri Action was first filed.  *See* ECF No. 1; Bryner Decl., Ex. 1.

Having established that the Missouri Action came first, in assessing application of the first-filed rule, "the Court must determine whether this is parallel litigation," which is established if "substantially the same parties litigate substantially the same issues in different forums." *Mckinney Drilling Co., LLC*, 2016 WL 3349326, at *1. "[E]ven in the absence of an identical cross-claim, the first-filed rule applies if the plaintiff's suit against the defendant in this district is '"parallel' to a suit in which both parties are co-parties in another district and both suits arise out of essentially the same actionable event." *Munlake Contractors, Inc. v. Brantley Devs., L.L.C.*, No. 4:10-CV-1109-DGK, 2011 WL 4025732, at *2 (W.D. Mo. Sept. 12, 2011).

Here, the parties in the Missouri Action are also parties in the California Action in that Energizer is a party in both actions, and in both actions, it is adverse to Serious Scents, Inc. and Ibrahim Nasser. Defendants' addition of Julius Samann Ltd. and Nature's Appeal Manufacturing Corporation as defendants in the California Action does not counsel to the contrary.  *See Mckinney Drilling Co., LLC*, 2016 WL 3349326, at *1 (identity of parties not necessary for parallel litigation; substantial similarity of parties is sufficient, and inquiry is "imprecise" and "functional").

Similarly, both the California Action and the Missouri Action arise out of essentially the same actionable events.  Although Defendants' California Complaint is challenging to understand, it appears that Defendants seek to assert rights in certain intellectual property relating to Defendants' creation of "a new design, new public impression of a hand grenade," against Energizer because it was "knowingly and willingly involved in the outright purposeful thief of Mr. Nasser Art Work, concept, design." Bryner Decl., Ex. 1 at 12-13. Defendants

11

attempt to assert trademark infringement, unfair competition, and copyright infringement claims. *E.g.*, *id.* at 1, 2-6. These allegations generally arise out of the same conduct underlying Energizer's requests in the Missouri Action seeking (1) a declaration of no trademark or trade dress infringement, unfair competition, or trademark dilution by Energizer relating to Defendants' LITTLE GRENADE Designs or Defendants' SERIOUS SCENTS Mark, and (2) a declaration of no copyright infringement by Energizer of Defendants' LITTLE GRENADE Designs. That the claims in both actions are not identical does not defeat application of the first-filed rule. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 896 F. Supp. 1468, 1476 (N.D. Iowa 1995) ("To determine whether the same issues are present in the two lawsuits in question, the court should not necessarily require a precise identity of issues. Rather, the focus of the inquiry should be whether there is a danger of inconsistent results and a duplication of judicial proceedings.").

Given that the Missouri Action and the California Action constitute parallel litigation, the Missouri Action—filed 49 days before the California Action—should proceed first under the first-filed rule, particularly because "[t]he first-filed rule applies in the absence of compelling circumstances." *Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1102 (E.D. Mo. 2002). No compelling circumstances apply here.[5]

---

[5] The Eighth Circuit has identified two "red flags" that can signal the existence of compelling circumstances, which include: "(1) a race to the courthouse by the first-filed party to preempt a suit by the second-filed party when they were on notice the second-filed party was going to imminently file suit; and (2) the fact that the first-filed party's suit was a declaratory judgment." *Hearth & Home Techs., Inc. v. J&M Distrib., Inc.*, 2012 WL 5995232, at *5 (D. Minn. Nov. 30, 2012). "Even if both 'red flags' are present, however, in the absence of bad faith, the mere presence of red flags does not necessarily warrant setting aside the first-to-file rule." *Id.* (quotation marks omitted). Indicators of bad faith can include filing a suit in an unnatural forum, lulling the opposing party into thinking it would not file a lawsuit, or secretly filing the first-filed declaratory judgment action and keeping the lawsuit secret as a negotiating tool. *Id.* No such indicators are present here, particularly where Energizer filed *affirmative* claims in the forum in which it resides, and thus "there are no compelling circumstances to deviate from the first-filed rule." *Id.*

12

### C. The Court Should Not Consider The Motion To Dismiss As Applied To Defendant Serious Scents, Inc. Because Corporate Defendants Must Be Represented By Counsel.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *Carr Enters, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel"); *S & K Mfg., Inc. v. Hoffman Int'l, LLC*, No. 4:07CV02024AGF, 2008 WL 363475, at *1 (E.D. Mo. Feb. 6, 2008); *Schoemehl v. All-Tech Sec., Inc.*, No. 4:06CV1556 CAS, 2007 WL 1464379, at *1 (E.D. Mo. May 17, 2007) ("A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel.").

Defendant Nasser filed the Motion on behalf of himself and Serious Scents, Inc. *See* ECF 21. Though 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein," "that right has never been interpreted to allow an individual to appear for a corporation pro se." *Carr Enters., Inc.*, 698 F.2d at 953. Because Serious Scents, Inc. must be represented by counsel, the Motion should not be considered on the corporation's behalf. Defendants' assertions that Serious Scents, Inc. has been dissolved does not counsel to the contrary. *See Carpenters' Dist. Council of Greater St. Louis v. Evans Concrete, Inc.*, No. 4:08-CV-49 CAS, 2008 WL 5191338, at *2 (E.D. Mo. Dec. 10, 2008) (noting that "[a] corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel" in case involving an administratively dissolved Missouri corporation).

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss in its entirety.

DATED: July 20, 2017

Respectfully submitted,

 */s/ William M. Bryner*

| | |
|---|---|
| Richard Brophy | William M. Bryner (*pro hac vice*) |
| **ARMSTRONG TEASDALE LLP** | **KILPATRICK TOWNSEND & STOCKTON LLP** |
| 7700 Forsyth Blvd, Suite 1800 | 1101 West Fourth Street |
| 211 North Broadway, Suite 3600 | Winston-Salem, North Carolina 27101 |
| St. Louis, MO 63105 | Telephone: (336) 607-7300 |
| Telephone: (314) 342-4159 | bbryner@ktslaw.com |
| Facsimile: (314) 613-8579 | |
| rbrohpy@armstrongteasdale.com | Jessica A. Pratt (*pro hac vice*) |
| | 1100 Peachtree Street NE, Suite 2800 |
| | Atlanta, Georgia, 30309 |
| *Attorneys for Plaintiff* | Telephone: (404) 815-6000 |
| *Energizer Brands II, LLC* | japratt@ktslaw.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ENERGIZER BRANDS II LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 4:17-cv-00876 RWS |
| | ) |
| SERIOUS SCENTS, INC., and IBRAHIM NASSER, | ) |
| | ) |
|     Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on July 20, 2017 by (1) First-Class mail to Serious Scents, Inc.'s last known address of 356 Roosevelt Street, #2, Chula Vista, CA 91910 pursuant to Fed. R. Civ. P. 5(b)(2)(C); (2) First-Class mail to the last known address for Defendant Nasser, last-listed president of Serious Scents, Inc., of P.O. Box 5626, Chula Vista, CA 91912 pursuant to Fed. R. Civ. P. 5(b)(2)(C); and (3) First-Class mail to the court clerk under Fed. R. Civ. P. 5(b)(2)(D).

DATED: July 20, 2017

                                                 */s/ Jessica A. Pratt*
                                                 Jessica A. Pratt
                                                 *Attorney for Plaintiff*