UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ENERGIZER BRANDS II LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17 CV 876 RWS |
| | ) |
| SERIOUS SCENTS, INC and | ) |
| IBRAHIM NASSER, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF TRANSFER

Plaintiff Energizer Brands II LLC filed this suit seeking declaratory, injunctive, and monetary relief from Defendants Serious Scents and Ibrahim Nasser in a dispute over air fragrance trademarks. Defendants have moved to dismiss this case based on a lack of personal jurisdiction over Defendants. Because Defendants are not subject to personal jurisdiction in this Court, Defendant's motion could be granted. Instead of dismissing this action, however, I will transfer it to the United States District Court for the Southern District of California where a related case between the parties is pending.[1]

*Background*

Energizer owns numerous trademarks for automobile air fragrance products. These products are marketed under the CALIFORNIA SCENTS and

---

[1] That case was filed on April 28, 2017 and is styled Nasser et al. v. Energizer Brands II LLC et al., No. 3:17 CV 863 BMT (MDD). In that case Nasser and Serious Scents assert that Energizer is infringing upon Defendants' hand grenade air freshener design.

DRIVEN BY REFRESH YOUR CAR brands. One of DRIVEN's products is a grenade-shaped scent-infused paper air freshener.

Defendant Ibrahim Nasser is the principle owner and president of Defendant Serious Scents, Inc.[2] Serious Scents also owns and markets car air fresheners. Several of its products are in a grenade-shaped design.

Energizer asserts that Defendants have recently been asserting unfounded trademark and copyright infringement claims concerning Energizer's CALIFORNIA SCENTS marks and the DRIVEN grenade design. Defendants' actions include initiating a cancellation action in January 2017 with the Trademark Trial and Appeal Board against a supplemental registration for the DRIVEN grenade design. In addition, in January and February 2017, Defendants sent Energizer letters asserting that California Scents marks are infringing on Serious Scent's marks and the DRIVEN grenade design infringes on Serious Scents' grenade design.

After receiving these challenges to its trademarks, Energizer filed this lawsuit against Defendants seeking a declaration of no trademark or trade dress infringement, a declaration of no copyright infringement, Lanham Act claims, and state law claims.

Defendants have moved to dismiss this case based on a lack of personal jurisdiction over Defendants.

---

[2] Serious Scents is a sole proprietorship. [Doc. 21, Ex 2]

*Legal Standard*

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party needs only to make a prima facie showing of jurisdiction. Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir.2008). This requires a plaintiff to state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. Dairy Farmers of America, Inc. v. Bassett & Walker Int'l, Inc., 702 F.3d 472, 474 (8th Cir. 2012). As the plaintiff in this matter Energizer has the burden of proving facts supporting personal jurisdiction. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). "If the district court does not hold a hearing and instead relies on pleadings and affidavits [] the court must look at the facts in the light most favorable to the nonmoving party." Id.

Energizer asserts Plaintiffs are subject to personal jurisdiction in this District. "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 593 (8th Cir. 2011).

*Discussion*

I.   *Missouri Long-Arm Statute*

Although Missouri's "long-arm statute extends jurisdiction to the limits of the Due Process Clause, it does so only for acts within its enumerated categories.

The Missouri Supreme Court has held that the legislature intended the long-arm statute 'to provide for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment.' " Dairy Farmers, 702 F.3d at 475. The Missouri Long-Arm Statute provides in relevant part:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
>
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state; [and]
> (3) The commission of a tortious act within this state….

Mo. Rev. Stat. Section 506.500.1.

Energizer asserts that Missouri's long-arm statute has been satisfied because its fourth cause of action for federal trademark infringement based on Defendants' Serious Scents mark is sufficient to establish the commission of a tortious act within Missouri. Yet Energizer does not assert any facts in support of its claim that Defendants' Serious Scents product has caused confusion or deceived purchasers of Energizer's California Scents product in Missouri. To the contrary, Energizer asserts in its complaint that its California Scents product does not infringe, dilute, or compete unfairly with Defendants' Serious Scents product. [Doc. # 1, Compl. at ¶¶ 72] Moreover, Defendants have unequivocally stated that

4

they have never sold their products to anyone in Missouri. [Doc. # 21, Defs' Mot. to Dismiss, p. 6.; Doc. # 24, Defs' Reply, p. 1]

## II. *Due Process*

Even if personal jurisdiction over a defendant is authorized by the forum's state's long arm statute, the United States Constitution poses limits on a state's exercise of personal jurisdiction over non-resident defendants under the Due Process Clause of the Fourteenth Amendment. See Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014). The due process analysis requires "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (internal quotations omitted). Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that the defendant should reasonably anticipate being haled into court there. A defendant must have purposefully availed itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of the state's laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

In the jurisdictional statement of its complaint, Energizer asserts that Defendants are subject to personal jurisdiction in this Court because "on information and belief, Defendants transact business in this State, derive revenue from this State, and have otherwise established contacts with this State making the exercise of personal jurisdiction proper." In support of its "contacts" allegations,

5

Energizer asserts that Defendants own and operate "an interactive, e-commerce website offering for sale Defendants' products" which is accessible by Internet users in Missouri.

The United States Circuit of Appeals for the Eighth Circuit has adopted a sliding scale to determine whether a website creates the minimum contacts sufficient to satisfy due process requirements. Lakin v. Prudential Sec., Inc., 348 F.3d 704, 711 (8th Cir. 2003). The "'nature and quality' of a Web site and a determination of whether it is 'interactive,' 'does business,' or is merely 'passive'" are an important factors in in the minimum contacts analysis. Id. Under this analysis, the more interactive a website is and the more it allows business to be conducted the greater is its weight in support of personal jurisdiction. The outcome of the website analysis is not controlling. The nature, quality, and quantity of contacts between the forum state and the website and their connection to the litigation are also primary considerations for establishing personal jurisdiction. Id. at 712.

In its opposition to Defendants' motion to dismiss, Energizer has attached printouts of historical versions of Defendants' website www.littlegrenade.com. These pages were retrieved from archive.org (the "Wayback Machine"). These pages offer Defendants' Serious Scents products for sale. However, Energizer does not provide any information about when this version of the website was active.

Defendants' current form of its website is merely passive and does not allow purchases to be made online. In addition, Defendants declare that they have never sold any of their products to Missouri residents. [Doc. # 21, Defs' Mot. to Dismiss, p. 6.; Doc. # 24, Defs' Reply, p. 1].

Based on Defendants' lack of sales to Missouri residents and its current passive website I find that the Court lacks personal jurisdiction under Missouri's long-arm statute and under due process analysis.

However, rather than granting Defendants' motion to dismiss, I will transfer this matter to the Southern District of California where it could have been filed and where the companion case between the parties is pending. Even if Defendants were subject to personal jurisdiction in this District I would transfer the case to be consolidated with the California lawsuit in the interest of judicial economy. Defendants are California entities whose business records, activities, and financial records are all located in California.

Accordingly,

**IT IS HEREBY ORDERED that** the matter is TRANSFERRED to the United States Court for the Southern District of California pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a).

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2018.